UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KELVIN LEON JONES
Petitioner,

v.

RON DESANTIS,
IN HIS OFFICIAL CAPACITY
AS THE GOVERNOR OF
FLORIDA, AN INDISPENSIBLE PARTY,
CRAIG LATIMER, IN HIS OFFICIAL
CAPACITY AS SUPERVISOR OF
ELECTIONS OF HILLSBOROUGH COUNTY,
FLORIDA AN INDISPENSIBLE PARTY,
AND LAUREL M. LEE , IN HER OFFICIAL
CAPACITY AS SECRETARY OF STATE, OF
THE STATE OF FLORIDA, AN
INDISPENSABLE PARTY,
Respondents.

Case No. 4:19-cv-00300

## COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND MANDAMUS

Petitioner, by and through his undersigned counsel, hereby complains of the Respondents, and alleges as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to secure equitable relief from Respondents' unlawful deprivation of Petitioner's rights, privileges and immunities guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Twenty-fourth Amendment to the United States Constitution, 52 U.S.C. § 10301 Section 2, and Article VI, Section 4 of the Florida Constitution; and

pursuant to 28 U.S.C. § 1361 to seek a writ of mandamus. Jurisdiction is conferred pursuant to 28 U.S.C. § 1331 and § 1343. Declaratory relief can be sought pursuant to 28 U.S.C. § 2201 and § 2202.

2. "No right is more precious in a free country than that of having a voice in the election of those who make the laws…" Wesberry v. Sanders, 376 U.S. 1, 17 (1964). Petitioner brings the instant lawsuit to have the relevant portion of F.S. 98.0751, which requires payment of all costs, prior to restoration of voting rights to convicted felons, declared unconstitutional and unenforceable.

3. Once the franchise or right to vote is granted to the electorate, lines may not be drawn, which are inconsistent with the Equal Protection Clause of the United States Constitution. Harper v. Virginia Bd. of Elections, 383 U.S. 663 (1966)

4. A state violates the Equal Protection Clause of the United States Constitution whenever it makes affluence of the voter or payment of any fee, an electoral standard. Harper v. Virginia Bd. of Elections, 383 U.S. 663 (1966)

5. Article VI, Section 4 of the Florida Constitution, provides:

> " Disqualifications.—
> (a) No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability. Except as provided in subsection (b) of this section, any disqualification from voting arising from a felony conviction shall terminate and voting rights shall be restored upon completion of all terms of sentence including parole or probation.
> (b) No person convicted of murder or a felony sexual offense

shall be qualified to vote until restoration of civil rights.

6. The Florida Legislature enacted F.S. 98.0751, which purportedly clarified this amendment, which included the following language:

> "98.0751 Restoration of voting rights; termination of ineligibility subsequent to a felony conviction.—
> (1) A person who has been disqualified from voting based on a felony conviction for an offense other than murder or a felony sexual offense must have such disqualification terminated and his or her voting rights restored pursuant to s. 4, Art. VI of the State Constitution upon the completion of all terms of his or her sentence, including parole or probation. The voting disqualification does not terminate unless a person's civil rights are restored pursuant to s. 8, Art. IV of the State Constitution if the disqualification arises from a felony conviction of murder or a felony sexual offense, or if the person has not completed all terms of sentence, as specified under subsection (2).
> (2) For purposes of this section, the term:
> (a) "Completion of all terms of sentence" means any portion of a sentence that is contained in the four corners of the sentencing document, including, but not limited to:
> 1. Release from any term of imprisonment ordered by the court as a part of the sentence;
> 2. Termination from any term of probation or community control ordered by the court as a part of the sentence;
> 3. Fulfillment of any term ordered by the court as a part of the sentence;
> 4. Termination from any term of any supervision, which is monitored by the Florida Commission on Offender Review, including, but not limited to, parole; and
> 5. Payment of all:
> a. Restitution ordered by the court as a part of the sentence, regardless of whether such restitution is converted to a civil lien; and
> b. Fees or fines ordered by the court as part of the sentence or that are ordered by the court as a condition of any form of supervision including, but not limited to, probation, community control, or parole. A financial obligation required under this sub-subparagraph is deemed to have been completed to the extent that the financial obligation has been converted to a civil lien.
> A term required to be completed in accordance with this

        paragraph shall be deemed completed if the court modifies the original sentencing order to no longer require completion of such term.

7. This requirement that payment of all restitution, fees or fines ordered by the court as part of the sentence, as a condition of voting rights restoration, is in violation of U.S. Constitution's guarantee of Equal Protection, applied to states pursuant to the Fourteenth Amendment, and the Twenty-fourth Amendment to the United States Constitution. In addition it violates 52 U.S.C. § 10301(a) in that it discriminates on the basis of race, color, or membership in one of the language minority groups identified in Section 4(f)(2) of the Act. The requirement further is unconstitutional, invalid and ineffective under the Florida Constitution, because it prescribes qualifications for restoration of voting rights to persons convicted of felonies, in addition to those prescribed by the Florida Constitution.

8. The Petitioner asserts that while the statute, on its face, is race neutral, it has a disproportionate impact on blacks and a material and motivating factor in adopting the statute was to reduce and limit the number of black persons who would otherwise be eligible to have their voting rights restored. Based on the totality of circumstances, F.S. 98.0751 results in the political processes leading to nomination or election in the State or political subdivision, not being equally open to participation by members of a class of citizens protected by the Voting Rights Act, subsection (a), in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

9. The Petitioner posits that once the state grants the right to vote to persons convicted of felonies, who have completed their sentence, including probation and parole, the state may not condition that right on the person's ability to pay legal financial obligations.

## PARTIES TO THE ACTION

10. Petitioner is a citizen of the County of Hillsborough, State of Florida.

11. Petitioner has been convicted of felonies in the past and has completed all of the terms of his sentences and probation, except payment of court costs and fines. In connection with his felony cases, the courts have imposed court costs, fines, and/or fees in the aggregate amount of approximately $52,596.00

12. The Petitioner is a 46 year old black man, who suffers from a disability and is unable to work. He resides with his girlfriend in a small house and he must live off the charity of others.

13. The Petitioner, who is disabled, does not have the financial resources to pay the court costs, fines, and/or fees assessed against him. Furthermore, he is unable to afford to pay an attorney to petition the courts to allow him to convert his court costs, fines, and/or fees to community service, and even if he did, he is unable to perform community service, without accommodations, due to his disability.

14. After passage of the aforesaid Amendment to the Florida Constitution, but before enactment of the aforesaid statute, Petitioner registered to vote, genuinely believing he completed all of the terms of his sentence.

15. Respondents, Laurel M. Lee and Craig Latimore, as part of their official duties, are responsible for conducting Federal, State, County, special and local elections. Thus, they are sued in their official capacities. Ron DeSantis, as Governor, is the titular head of the State of Florida, and is sued in his official capacity, as such.

### **FIRST CAUSE OF ACTION (FOURTEENTH AMENDMENT, AND 42 USC 1983)**

Paragraphs 1-15 are incorporated by reference.

16. F.S. 98.0751 violates the Equal Protection Clause of the 14th Amendment to the United States Constitution, as the statute makes affluence of the voter or payment of money, an electoral standard.

The Fourteenth Amendment of the Constitution requires that courts closely scrutinize challenged election regulations, weighing "the character and magnitude of the asserted injury . . . against the precise interests put forward by the State as justifications for the burden imposed by its rule." Burdick v. Takushi, 504 U.S. 428, 434 (1992).

Even when voters are only modestly burdened by State action, the State's "precise interests" must be able to justify the regulation, which must in turn be both "reasonable" and "nondiscriminatory," id.; see also U.S. Taxpayers Party of Florida v. Smith, 871 F. Supp. 426, 435 (N.D. Fla. 1993) (citing New Alliance Party v. Hand, 933 F.2d 1568 (11th Cir. 1991), as holding that "although the burden imposed on minor parties was not insurmountable, the interests put forth by

the state were inadequate to justify the restriction imposed.").

When the burden is more severe, the regulation in question must be able to survive strict scrutiny. Burdick, 504 U.S. at 434. When the law applies differently to preexisting classes of similarly situated citizens seeking to exercise their fundamental rights, the distinction is analyzed under strict scrutiny. See, e.g., Wexler v.Anderson, 452 F.3d 1226, 1231-32 (11th Cir. 2006) ;Dunn v. Blumstein, 405 U.S. 330, 336 (1972) ("[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction.") .

## **SECOND CAUSE OF ACTION (TWENTY-FOURTH AMENDMENT)**

Paragraphs 1-15 are incorporated by reference

17. The Twenty-Fourth Amendment to the United States Constitution provides in part, that "The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State by reason of failure to pay poll tax or other tax."

18. Taxation of court costs constitutes a tax. A charge is a tax if its purpose is to generate revenue, it is proportionate to the related costs and services, and the payor does not have the ability to limit the use of the service. It is a tax because it generates revenue disproportionate to the services provided, and because it benefits the public and not the payor. Even though the statute allowing the imposition of the court fines and

fees fails to use the word tax, it is a tax because the statute's purpose to generate revenue is clear.

The Twenty-Fourth Amendment precludes the denial of the right to vote by reason of failure to pay court costs taxed against a person in connection with a criminal court case.

### THIRD CAUSE OF ACTION (52 U.S.C. § 10301-VOTING RIGHTS ACT)

Paragraphs 1-15 are incorporated by reference

19. F.S. 98.0751 violates 52 U.S.C. § 10301-Voting Rights Act, in that it has and will have a disproportionate and negative impact on black and Hispanic citizens, and was enacted intentionally to slow down and reduce the number of black and Hispanic ex-felons from registering to vote.

### FOURTH CAUSE OF ACTION (FLORIDA CONSTITUTION)

Paragraphs 1-15 are incorporated by reference

20. F.S. 98.0751 violates Article VI, Section 4 of the Florida Constitution because it prescribes qualifications for restoration of voting rights to persons convicted of felonies, in addition to those prescribed by the Florida Constitution. The Legislature may not add to the requirements for restoration of voting rights over and above what is set forth in the Florida Constitution.

## FIFTH CAUSE OF ACTION (MANDAMUS)

Paragraphs 1-15 are incorporated by reference.

20. Petitioner seeks mandamus pursuant to 28 USC 1361 to require the Respondents to allow him to register to vote or precluding Respondents from revoking his voters registarion, if he is qualified, other than having outstanding legal financial obligations.

## PRAYER FOR RELIEF

For good cause, Petitioner seeks injunctive relief, declaratory relief, and a writ of mandamus.

1. Petitioner seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that F.S 98.0751 violates the Equal Protection Clause under the Fourteenth Amendment of the U.S. Constitution, the Twenty-Fourth Amendment of the U.S. Constitution, 52 U.S.C. § 10301-Voting Rights Act, and Article VI, Section 4, of the Florida Constitution.

2. Petitioner seeks injunctive relief in the form of mandamus directing the Respondents to allow him to register to vote or precluding them from revoking his voters registration, if he qualifies, without consideration of outstanding legal financial obligations.

 DATED: June 15, 2019

                                                s/Michael A Steinberg
                                                Michael A. Steinberg
                                                4925 Independence Parkway, Suite 195
                                                Tampa, Florida 33634
                                                (813) 221-1300
                                                Florida Bar No.:340065
                                                mas@ssalawyers.com