## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

Kelvin Jones,

        Petitioner,

v.                                  Consolidated Case No. 4:19-cv-300

Ron DeSantis, etc., et al.,

        Respondents.

_____

## PLAINTIFFS' MOTION FOR
## EXPEDITED DISCOVERY AND ENTRY OF SCHEDULING ORDER
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs in *Gruver et al. v Barton et al.* request expedited discovery of factual information relevant to core claims in the case that will support the efficient development of the evidentiary record and support the Court's adjudication of a forthcoming motion for preliminary relief. Plaintiffs intend to seek preliminary relief to take effect before October 7, 2019 (the registration deadline for November 5 municipal elections). Plaintiffs also seek guidance from the Court on a prospective date for a preliminary injunction hearing so that Parties can confer on a potential briefing schedule, which may minimize duplication and maximize use of judicial resources.

As detailed in the Complaint, this action seeks to prevent the unlawful disenfranchisement of thousands of eligible Florida voters that will result from the implementation of Senate Bill 7066 (2019) ("SB7066"). Prior to January 8, 2019, Florida law maintained a system of lifetime disenfranchisement for citizens who had been convicted of a felony offense. On January 8, 2019, the 2018 Voter Restoration Amendment ("Amendment 4") became effective, restoring voting rights to citizens with felony convictions, other than murder and felony sexual assault, upon completion of their sentence. On May 3, 2019 the Florida Legislature passed, and on June 28, 2019, Governor DeSantis signed, SB7066, which precludes otherwise eligible citizens from voting if they cannot afford to pay outstanding fines, fees, or restitution. SB7066 thus revokes the franchise from Florida citizens whose voting rights were restored pursuant the Amendment 4.

Numerous municipalities in Florida will conduct local elections on November 5, 2019, including counties and cities where several Plaintiffs reside. For example, Ms. Wright is eligible to vote in the Indian River County municipal election, and Ms. Leicht is eligible to vote in the Miami general municipal election. To prevent the disenfranchisement of Plaintiffs and thousands of other citizens in Florida in these elections, and to provide clarity to organizational Plaintiffs in their public-service activities related to election education and voter registration, Plaintiffs seek to ensure that their request for preliminary relief can be

resolved before upcoming elections by conducting targeted discovery on an expedited basis. Because of the exigent circumstances, and this Court's broad discretion in directing discovery and managing its docket, expedited discovery and a hearing date for Plaintiffs' forthcoming preliminary injunction motion are warranted.

Plaintiffs seek a Scheduling Order that establishes expedited discovery and disclosure deadlines, and sets a date for a hearing on Plaintiffs' forthcoming preliminary injunction motion. Such an order will serve the interests of justice, promote judicial economy, and conserve party resources by enabling Parties to quickly and efficiently identify and litigate core issues in dispute. Pursuant to Rules 16(b), 26(d), 30(a)(2), 33(a), 33(b)(2), and 34(b) of the Federal Rules of Civil Procedure, as well as N.D. Fla. Loc. R. 16.1, Plaintiffs thus move the Court for an Order permitting expedited discovery.

Conscious of the time constraints and the inherent burdens of discovery, Plaintiffs will carefully tailor their discovery requests to ensure the full, fair, and efficient development of the factual record necessary to adjudicate this matter. Plaintiffs have conducted pre-litigation fact investigation, including obtaining information by public records requests to the Florida Department of State, Florida Department of Corrections, Florida Department of Law Enforcement, and clerks of

court—and are thus able to focus discovery on only those issues for which Plaintiffs intend to move for preliminary relief.

Plaintiffs request the expedited preliminary discovery schedule below to permit sufficient time for a hearing on preliminary relief such that relief could take effect before the October 7, 2019 registration deadline for November 5 elections. To allow enough time for Parties to obtain discovery relevant to a forthcoming motion for preliminary relief, Plaintiffs propose the following schedule:

- **July 19, 2019** - deadline for Parties to serve document requests, interrogatories, and requests for admissions (collectively "Discovery Requests");

- **July 23, 2019** - earliest date to schedule depositions;

- **July 26, 2019** - deadline for Parties to object to the production of any documents;

- **August 9, 2019** - date by which Parties shall complete their production of documents (subject to previously served objections if not otherwise resolved) and serve written responses and objections, if any, to the Discovery Requests;

- **August 23, 2019** - deadline to complete all depositions.

Plaintiffs propose a hearing in mid-September, or at such time as the Court deems proper in light of the forthcoming requested relief. In the event that the

Court schedules a hearing and Parties seek to introduce in-person testimony at the hearing, it is proposed that Parties will each disclose the identity of the witnesses and subject matter of the testimony that they intend to present no later than seven days prior to such hearing.

## MEMORANDUM OF LAW

### BRIEF BACKGROUND

As alleged in the Complaint, SB7066 violates the First, Fourteenth, Fifteenth, and Twenty-Fourth Amendments to the United States Constitution, as well as Article I, § 10 of the United States Constitution. Plaintiffs therefore intend to seek preliminary relief from the Court that would take effect before October 7, 2019 to ensure Plaintiffs' continued ability to vote and prohibit Defendants from canceling Plaintiffs' registrations. Plaintiffs request expedited discovery to obtain facts relevant to Plaintiffs' claims for relief.

### LEGAL ARGUMENT

This Court has broad discretion to manage the timing of discovery, especially where a request for a preliminary injunction makes it infeasible to wait for the Rule 26(f) conference to serve discovery requests. *See Integra Bank N.A. v. Pearlman*, No. 6:06-cv-1952, 2007 WL 419634, at *3 (M.D. Fla. Feb. 2, 2007) (the Federal Rules of Civil Procedure "expressly provide that a Court may shorten the time for a party to provide discovery"); *Fimab-Finaziaria Maglificio Biellese*

*Fratelli Fila S.p.A. et al. v. Helio Import/Export. Inc., et. al.,* 601 F. Supp. 1, 3 (S.D. Fla. 1983) ("*Fimab*") ("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time."); *see also* Fed. R. Civ. P. 26(d)(1) (permitting deviation from normal rule when "authorized . . . by court order"); *id.*, Advisory Committee Notes ("This subdivision is revised to provide that formal discovery . . . not commence until the parties have met and conferred as required by subdivision (f). Discovery can begin earlier if authorized . . . by . . . order . . . . This will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . ."); Fed. R. Civ. P. 30(a)(2), 33(a), 33(b)(2), and 34(b).

Expedited discovery is particularly appropriate in the preliminary injunction context, *see, e.g.*, *Fimab,* 601 F. Supp. at 3; *Ellsworth Assocs., Inc.* v. *United States*, 917 F. Supp. 841 (D.D.C. 1996), in part because such discovery "better enable[s] the court to judge the parties' interests and respective chances for success on the merits." *Educata Corp.* v. *Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (granting expedited discovery); *see also Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.*, No. 2:14-CV-242, 2014 WL 2565675, at *2 (M.D. Fla. June 6, 2014) (concluding the motion for expedited discovery was "due to be granted" where plaintiff asserted "expedited discovery would facilitate the management of the action, conserve the resources of the

Parties and the Court, and move the case toward an earlier disposition without prejudice to Defendants."). Motions for expedited discovery are appropriate where the movant demonstrates a need to obtain inspection of documents in a shortened time period. *See Integra Bank N.A.*, 2007 WL 419634, at \*3. Here, the need for expedited discovery is apparent: absent expedited proceedings, Individual Plaintiffs and Organizational Plaintiffs' members will suffer irreparable harm by being denied the ability to participate in upcoming November elections. *See Fimab*, 601 F. Supp. at 3.

Moreover, the Plaintiffs and the public share a strong interest in certainty concerning voter registration and voter eligibility in Florida given the risk of criminal liability for individuals who attempt to register or vote when the state may deem them ineligible.

Plaintiffs will carefully target their depositions to minimize the burdens on Defendants' time and resources, and will coordinate with consolidated Plaintiffs' counsel to avoid unnecessary duplication of discovery requests. Plaintiffs intend to seek only the discovery that is necessary to demonstrate to the Court the likelihood of success on the merits of their claims, and that the public interest weighs heavily in favor of enjoining SB7066.

In short, because application of the ordinary discovery timetable in the context of impending elections will cause irreparable harm to Plaintiffs, Plaintiffs

respectfully request an order directing expedited discovery and hearing of the forthcoming preliminary injunction motion in the form proposed by Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and set an expedited discovery schedule in the form proposed above, or as the Court sees fit, following the July 5, 2019 status conference.

## N.D. FLA. LOC. R. 7.1 CERTIFICATION

Pursuant to N.D. Fla. Loc. R. 7.1(B), undersigned counsel states that this motion has been electronically filed. Counsel for Plaintiffs in *Gruver et al v. Barton et al* communicated with counsel for Plaintiffs in *Jones v. DeSantis* and *Mendez v. DeSantis*, in *Raysor et al. v. Lee*, and in *McCoy et al. v. DeSantis et al.* Plaintiffs' counsel in the four matters consolidated with *Gruver et al. v. Barton et al.* support expedited discovery to allow for preliminary relief.

On July 3, 2019, counsel for *Gruver* Plaintiffs conferred by phone with counsel for Defendant Secretary Lee and counsel for Governor DeSantis regarding expedited discovery. *Gruver* Plaintiffs' counsel also contacted counsel for Supervisors of Elections Defendants in Alachua and Miami-Dade County, where counsel had entered an appearance on the Supervisors' behalf as of 4:30pm, and had a limited exchange by email.  Parties anticipate discussing these issues more fully at the hearing on July 5, 2019.

8

*Gruver* Plaintiffs' counsel was unable to confer with Supervisors of Elections Defendants in Broward, Duval, Hillsborough, Indian River, Leon, Manatee, Orange, and Sarasota Counties regarding expedited discovery because they were not yet represented by 4:30pm today. Plaintiffs' counsel contacted the County Attorney in each of the eight counties (except for Duval, for which *Gruver* Plaintiffs' counsel contacted Jason Teal, Deputy General Counsel, Regulatory & Constitutional Law Department) to confer regarding expedited discovery (in the event they would be representing Supervisors), and did not receive a response by the time of filing. Contemporaneously with this filing, *Gruver* Plaintiffs' counsel is emailing a copy of this motion, and the Court's Notice of Hearing, Dkt# 12, to all Defendant Supervisors of Elections, and to their respective County Attorney, if they are not yet represented. *Gruver* Plaintiffs' counsel is also forwarding a copy of this motion and the Notice of Hearing to Ronald Labasky, general counsel for the Florida Association of Supervisors of Elections. Despite Plaintiffs' counsel's best efforts, counsel could not arrange physical service of this motion on the unrepresented Supervisors of Elections before the Court's July 5, 2019 hearing because of the upcoming July 4th holiday.

Pursuant to N.D. Fla. Loc. R. 7.1(F), this motion contains fewer than 8,000 words. It contains 1,880 words.

Dated: July 3, 2019

                           /s/ *Julie A. Ebenstein*

Julie A. Ebenstein (Fla. Bar No. 91033)
R. Orion Danjuma*
Jonathan S. Topaz*
Dale E. Ho*
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 284-7332
Fax: (212) 549-2654
jebenstein@aclu.org
odanjuma@aclu.org
jtopaz@aclu.org
dho@aclu.org

Daniel Tilley (Fla. Bar No. 102882)
Anton Marino*American Civil Liberties
Union Foundation of Florida
4343 West Flagler St., Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
amarino@aclufl.org

Jimmy Midyette (Fla. Bar No. 0495859)
American Civil Liberties Union Foundation
of Florida
118 W. Adams Street, Suite 510
Jacksonville, FL 32202
904-353-8097
jmidyette@aclufl.org

Leah C. Aden*
John S. Cusick*
NAACP Legal Defense and Educational
Fund, Inc.

40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org

*and*

Wendy Weiser
Myrna Pérez
Sean Morales-Doyle*
Eliza Sweren-Becker*
Brennan Center for Justice at NYU
School of Law
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu

*Counsel for Plaintiffs Jeff Gruver, Emory Marquis "Marq" Mitchell, Betty Riddle, Kristopher Wrench, Keith Ivey, Karen Leicht, Raquel Wright, Steven Phalen, Clifford Tyson, Jermaine Miller, Florida State Conference of the NAACP, Orange County Branch of the NAACP, and League of Women Voters of Florida*

* *pro hac vice* applications forthcoming

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

Additionally, the parties, and the County Attorneys in Defendant Supervisor of Elections respective counties where Defendants are not yet represented, are concurrently being notified via email at the following addresses:

KIM A. BARTON, In her Official Capacity as Alachua County Supervisor of Elections
Josiah T. Walls Building
515 North Main St., Suite 300
Gainesville, FL 32601
*kbarton@alachuacounty.us*

PETER ANTONACCI, in his Official Capacity as Broward County Supervisor of Elections
115 S. Andrews Ave.
Room 102
Fort Lauderdale, FL 33301
*elections@browardsoe.org*

MIKE HOGAN, In his Official Capacity as Duval County Supervisor of Elections
105 E. Monroe St.
Jacksonville, FL 32202
*mhogan@coj.net*

CRAIG LATIMER, In his Official Capacity as Hillsborough County Supervisor of Elections
Fred B. Karl County Center,
601 E. Kennedy Blvd., 16th Floor
Tampa, FL 33602
*Voter@hcsoe.org*

LESLIE ROSSWAY SWAN, In her Official Capacity as Indian River County Supervisor of Elections

12

4375 43rd Ave.
Vero Beach, FL 32967
*lswan@voteindianriver.com*

MARK EARLEY, In his Official Capacity as
Leon County Supervisor of Elections
2990-1 Apalachee Parkway,
Tallahassee, FL 32301 *Vote@LeonCountyFL.gov*

MICHAEL BENNETT, In his Official Capacity as
Manatee County Supervisor of Elections
600 301 Boulevard, W., Suite 108
Bradenton, FL 34205
*Info@votemanatee.com*

CHRISTINA WHITE, In her Official Capacity as
Miami-Dade County Supervisor of Elections
2700 NW 87 Ave.
Miami, FL 33172
*soedade@miamidade.gov*

BILL COWLES, In his Official Capacity as
Orange County Supervisor of Elections
119 West Kaley St.
Orlando, FL 32856
*voter@ocfelections.com*

RON TURNER, in his Official Capacity as
Sarasota County Supervisor of Elections
Terrace Building
101 South Washington Blvd.
Sarasota, FL 34236
*rturner@sarasotavotes.com*

LAUREL M. LEE, In her Official Capacity as Secretary
of State of Florida
Florida Department of State
R.A. Gray Building
500 South Bronough St.
Tallahassee, Florida 32399-0250

13

*secretaryofState@DOS.MyFlorida.com*
*DOS.GeneralCounsel@DOS.MyFlorida.com*

ASHLEY MOODY, In her Official Capacity as Attorney
General of Florida
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050
*oag.civil.eserve@myfloridalegal.com*

<div style="margin-left:40%">

/s/ Julie A. Ebenstein
_____
Julie A. Ebenstein (Fla. Bar No. 91033)
American   Civil   Liberties   Union
Foundation, Inc.
Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 284-7332
Fax: (212) 549-2654
jebenstein@aclu.org

</div>