UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KELVIN LEON JONES, et al.,

    Plaintiffs,

v.

RON DESANTIS, in his official capacity as Governor of Florida, et al.,

    Defendants.

Consolidated Case
No. 4:19-cv-300-RH-CAS

## *GRUVER*, *RAYSOR*, AND *MCCOY* PLAINTIFFS' MOTION FOR A SCHEDULING AND BRIEFING ORDER

Plaintiffs[1] file this Motion for a Scheduling and Briefing Order and in support thereof state as follows:

---

[1] Plaintiffs collectively include: (1) *Gruver* Plaintiffs, Jeff Gruver, Emory Marquis "Marq" Mitchell, Betty Riddle, Kristopher Wrench, Keith Ivey, Karen Leicht, Raquel Wright, Steven Phalen, Clifford Tyson, Jermaine Miller, Florida State Conference of the NAACP, Orange County Branch of the NAACP, and League of Women Voters of Florida, (2) *Raysor* Plaintiffs, Bonnie Raysor, Diane Sherrill, and Lee Hoffman; and (3) *McCoy* Plaintiffs Rosemary Osborne McCoy and Sheila Singleton.

1

As detailed in the Complaints in this consolidated matter, these actions seek to prevent the unlawful disenfranchisement of hundreds of thousands of eligible Florida voters resulting from the implementation of Senate Bill 7066 (2019) ("SB7066").

As noted in *Gruver* Plaintiffs' Motion for Expedited Discovery, *see* ECF No. 36,[2] Plaintiffs indicated, either in their complaint or on the record at the Court's July 5, 2019 scheduling conference, that they intend to seek preliminary relief to take effect before October 7, 2019 (the registration deadline for November 5 municipal elections).

As set forth in more detail below, Plaintiffs specifically: (1) move to amend the initial discovery order to include a preliminary injunction briefing schedule; (2) seek leave to file an over-length memorandum in support of preliminary relief; (3) seek leave to file a reply in support of preliminary relief; (4) seek an order that sets a prospective date for a hearing on Plaintiffs' forthcoming preliminary injunction motion; and (5) move to extend Plaintiffs' time to respond to any motion to dismiss by one week, should any Defendant move to dismiss on August

---

[2] The motion was denied as moot pursuant to *Gruver* Plaintiffs' agreement to withdraw the motion. *See* ECF No. 64.

2, 2019. The Supervisors of Elections Defendants for Alachua, Orange, Indian River, Broward, Duval, Leon, and Hillsborough Counties do not oppose this motion. The Supervisors of Elections Defendants for Manatee and Sarasota Counties oppose only Plaintiffs' request to file a preliminary injunction memorandum in excess of this jurisdiction's word limit. Defendants Secretary of State and Governor DeSantis do not oppose the motion, but propose that Defendants have a September 3, 2019, deadline to respond to Plaintiffs' preliminary injunction memorandum. The Supervisor of Elections Defendant Miami-Dade County takes no position on this motion.

Plaintiffs request that the Court enter the proposed briefing schedule below. The proposed order will serve the interests of justice, promote judicial economy, and conserve resources by enabling the Parties to efficiently litigate the core issues in dispute in this consolidated case.

### 1. *Motion to Set a Briefing Schedule for Preliminary Relief*

As set forth in *Gruver* Plaintiffs' Motion for Expedited Discovery, *see* ECF No. 36, Plaintiffs intend to seek preliminary relief to take effect before October 7, 2019 (the registration deadline for November 5 municipal elections). The Parties have conferred on a potential briefing schedule, and the Supervisor of Elections

3

Defendants—save for the Supervisor of Elections for Miami-Dade County, which takes no position—do not oppose the following deadlines, submitted below for the Court's consideration. Plaintiffs request that the Court set these deadlines to permit sufficient time for a proposed hearing in mid-September on preliminary relief after briefing, such that relief could take effect before the upcoming registration deadline for November 5 elections.

- Plaintiffs' motion for preliminary relief: Aug. 2, 2019.
- Defendants' response to Plaintiffs' motion: Aug. 28, 2019.

### 2. *Leave to File a Preliminary Injunction Memorandum in Excess of the Word Limit*

This case presents extraordinary circumstances that warrant exceeding the word limit in Plaintiffs' memorandum in support of their motion for preliminary relief. *See* N.D. Fla. L.R. 7.1(F).

On June 28, June 28, and July 1, 2019, respectively, *Gruver*, *Raysor*, and *McCoy* Plaintiffs filed complaints on behalf of 15 individual and three organizational Plaintiffs, cumulatively, and named 15 Defendants. Plaintiffs' motion must address the particularized facts of these individual and organizational

Plaintiffs as well as the named Defendants. Plaintiffs will seek to provide the Court with the full factual record that is available at this early date.

Plaintiffs challenge Florida's enactment of SB7066, legislation that impacts their fundamental right to vote. Courts have recognized that voting rights cases involve "an extremely complex and intimidating area of the law." *Williams v. Bd. of Comm'rs of Mcintosh Cty.*, 938 F. Supp. 852, 858 (S.D. Ga. 1996). This case in particular sits at the intersection of voting rights law and the *Bearden* line of cases addressing state sanctions for inability to pay fines and fees. Therefore, it requires briefing on two important areas of constitutional law.

Plaintiffs are seeking to minimize the length of their opening brief, and to consolidate Plaintiffs' briefing wherever practicable, while at the same time providing a complete presentation of their arguments. Given the fundamental nature of the right at issue, the complexity of the legal framework of this constitutional case, and the number of parties, Plaintiffs submit that the Court will benefit from more extensive briefing.

Plaintiffs respectfully request that this Court grant Plaintiffs' motion for leave to file a memorandum in excess of the word limit in support of their motion for preliminary injunction.

### *3. Motion for Leave to File a Reply in Support of Plaintiffs' Motion for Preliminary Relief*

This case presents extraordinary circumstances that warrant a reply in support of Plaintiffs' forthcoming motion for preliminary relief. *See* N.D. Fla. L.R. 7.1(I).

Plaintiffs seek leave to submit a reply brief to fully inform the Court of all available facts and arguments prior to a preliminary injunction hearing that this Court may hold. As noted above, this case presents complex and fact-intensive constitutional issues. There is a short time period between the effective date of SB7066 and the upcoming election registration deadline, in addition to a short window of time for Plaintiffs to seek an expedited schedule for preliminary relief, and conduct discovery while the Parties are briefing the motion for preliminary relief.

Plaintiffs seek leave to reply to incorporate facts disclosed in discovery after the filing of their preliminary injunction motion. Plaintiffs filed written discovery requests on the second business day after the Court opened discovery, and noticed depositions as soon as practicable. Nevertheless, given the expedited time for relief in light of the upcoming registration deadline, Plaintiffs will move for

preliminary relief without the benefit of Defendants' responses to Plaintiffs' pending discovery requests. Moreover, with multiple groups of multiple plaintiffs, Plaintiffs have endeavored to minimize duplication and maximize use of judicial resources by submitting a combined memorandum whenever practicable and would like the opportunity to reflect the position of all Plaintiffs groups in reply.

Accordingly, Plaintiffs request leave to file a reply in support of their motion for preliminary relief, and request a deadline to file a reply, should the Court grant leave, of <u>no more than fourteen days after Defendants' deadline to respond to Plaintiffs' motion, and no less than a week before a proposed preliminary injunction hearing</u>, should the Court schedule a hearing for mid-September.

### 4. *Motion to Schedule a Tentative Mid-September Preliminary Injunction Hearing*

Subject to the Court's availability, Plaintiffs request a mid-September hearing on their motion for preliminary relief. A mid-September hearing on preliminary relief will allow this Court to consider the fundamental rights at stake in this litigation that will be irreparably lost if preliminary relief is not granted, clarify outstanding issues following briefing on preliminary relief, and hear from a limited number of any witnesses permitted to testify.

Plaintiffs propose a hearing in mid-September, or at such time as the Court is available and deems proper in light of the forthcoming requested preliminary relief. A hearing date in mid-September may enable the Court to have sufficient time to rule on the requested relief in advance of the October registration deadline.

In the event that the Court has availability and schedules a mid-September hearing and the Parties are permitted to introduce in-person testimony at the hearing, it is proposed that the Parties will each disclose the identity of the witnesses and subject matter of the testimony that they intend to present no later than seven days prior to such hearing.

### 5. *Extension of Time to Respond to Defendants' Motion to Dismiss*

On July 19, 2019, Defendants filed an unopposed motion for an extension of time to respond to Plaintiffs' complaints to August 2, 2019, which this Court granted. ECF No. 92. Should Defendants move to dismiss Plaintiffs' complaints in that filing, Plaintiffs respectfully request an extension of time from August 16 to August 23, 2019 to respond to Defendants' motion or motions to dismiss. Plaintiffs therefore request that their response to any motion to dismiss be due on August 23, 2019.

8

To promote judicial economy, and conserve resources, the five groups of Plaintiffs will endeavor to file a single brief on behalf of all Plaintiffs whenever practicable. All Plaintiffs have worked diligently to coordinate discovery to avoid duplication of requests or related briefing on discovery. Plaintiffs seek an extension of time to reply to Defendants' motion to dismiss, should Defendants move to dismiss, so that Plaintiffs can make their best efforts to coordinate amongst themselves and consolidate any overlapping parts of their respective responses and/or file a combined brief.

An additional week will permit sufficient time for coordination among the Plaintiffs. Such an order will serve the interests of justice, promote judicial economy, and conserve resources by enabling Parties to quickly and efficiently litigate core issues in dispute.

Pursuant to Rules 16(b), 26(d), 30(a)(2), 33(a), 33(b)(2), and 34(b) of the Federal Rules of Civil Procedure, as well as N.D. Fla. L.R. 16.1, Plaintiffs, thus, move the Court for a Scheduling and Briefing Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and order a scheduling and briefing order in the form proposed above,

9

or as the Court sees fit. Plaintiffs further request that the Court permit them leave to file a memorandum in support of preliminary relief in excess of the word-limit, and to file a reply in support of preliminary relief. Plaintiffs request a hearing in mid-September, if the Court's calendar allows, on their motion for preliminary relief.

## NORTHERN DISTRICT OF FLORIDA
## LOCAL RULE 7.1 CERTIFICATION

Pursuant to N.D. Fla. L.R. 7.1(B), undersigned counsel states that this motion has been electronically filed. Counsel for Plaintiffs in *Gruver, et al. v. Barton, et al.* communicated with counsel for Plaintiffs in *Jones v. DeSantis*, *Mendez v. DeSantis*, *Raysor, et al. v. Lee*, and *McCoy, et al. v. DeSantis, et al*. The *Raysor* and *McCoy* Plaintiffs' counsel in the matters consolidated with *Gruver, et al. v. Barton, et al.* support this motion to amend the initial discovery order. At the time of filing, the *Gruver* Plaintiffs did not receive a response to emails sent to the *Jones* and *Mendez* Plaintiffs' counsel seeking their position on this motion.

Plaintiffs conferred by email with the Supervisors of Elections Defendants' counsel on Wednesday, July 24, and Thursday, July 25, 2019. The Supervisors of Elections Defendants counsel for Alachua, Orange, Indian River, Broward, Duval, Leon, and Hillsborough Counties do not oppose this motion. Defendant

Supervisor of Elections for Miami-Dade County takes no position on the motion, while Defendant Supervisors of Elections for Manatee and Sarasota Counties oppose only Plaintiffs' request to file a preliminary injunction motion in excess of the word limit. Defendants Secretary of State Lee and Governor DeSantis do not oppose this motion, but propose that Defendants have until September 3, 2019, to file any response to Plaintiffs' preliminary injunction motion.

Pursuant to N.D. Fla. L.R. 7.1(F), this motion contains fewer than 8,000 words. It contains 2,181 words.

**Date: July 26, 2019**

Respectfully submitted,

/s/ *Julie A. Ebenstein*
Julie A. Ebenstein
Fla. Bar No. 91033
R. Orion Danjuma*
Jonathan S. Topaz*
Dale E. Ho**
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 284-7332
Fax: (212) 549-2654
jebenstein@aclu.org
odanjuma@aclu.org
jtopaz@aclu.org
dho@aclu.org

11

Daniel Tilley
Fla. Bar No. 102882
Anton Marino**
American Civil Liberties Union of
Florida
4343 West Flagler St., Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
amarino@aclufl.org

Jimmy Midyette
Fla. Bar No. 0495859
American Civil Liberties Union Foundation of Florida
118 W. Adams Street, Suite 510
Jacksonville, FL 32202
Tel: 904-353-8097
jmidyette@aclufl.org

Leah C. Aden*
John S. Cusick*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org

Wendy Weiser
Myrna Pérez
Sean Morales-Doyle*
Eliza Sweren-Becker*
Brennan Center for Justice at NYU
School of Law

120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu

*Counsel for Gruver Plaintiffs*
\* Admitted Pro Hac Vice
\*\* Pro Hac Vice applications forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2019, I served a true and correct copy of the foregoing document via electronic notice by the CM/ECF system on all counsel or parties of record.

/s/ *Julie A. Ebenstein*
Julie A. Ebenstein
