**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| KELVIN LEON JONES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RON DESANTIS, in his official capacity as Governor of Florida, et al.,<br><br>Defendants. | Consolidated Case<br>No. 4:19-cv-300-RH-CAS |

**EMERGENCY MOTION FOR LEAVE TO FILE A MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IN EXCESS OF THE WORD LIMIT**

Pursuant to Local Rules 7.1(H) and 7.1(L), all Plaintiffs in the consolidated case file this Emergency Motion for Leave to File a Memorandum in support of their consolidated Motion for Preliminary Injunction in Excess of the Word Limit.

None of the Defendants in the consolidated case, except for Defendants Bennett and Turner, Supervisors of Elections for Manatee and Sarasota Counties, respectively, opposed Plaintiffs' request to file a Memorandum in Support of their consolidated Preliminary Injunction Motion in excess of the word limit. *See* ECF No. 94, Plaintiffs' Motion for a Scheduling and Briefing Order. None of the Defendants in the consolidated case opposed Plaintiffs' motion for preliminary relief filing deadline of August 2, 2019. Plaintiffs move for leave to file a

memorandum in support of their motion for preliminary relief that exceeds the word limit set forth in N.D. Fla. L.R. 7.1(F), in order to file a consolidated Plaintiffs' memorandum instead of five separate memoranda. Plaintiffs' memorandum in support of their motion for preliminary relief will not exceed 18,000 words.

## I. Expedited Consideration of This Motion is Warranted

On July 26, 2019, Plaintiffs previously requested leave to file a preliminary injunction memorandum in excess of the word limit, along with a request that the Court set a briefing schedule on Plaintiffs' forthcoming Motion for Preliminary Injunction. *See* ECF No. 94. Plaintiffs proposed that they would file their Motion for Preliminary Injunction on August 2, 2019, pursuant to a briefing schedule to which all Parties had consented. *Id.*

As August 2, 2019 is now upon us, and given that Defendants requested that Plaintiffs file their motion as soon as possible in order to allow them the desired time to respond, Plaintiffs respectfully renew their request for leave to file a preliminary injunction memorandum in excess of the word limit. Plaintiffs designate this motion as an "emergency" with the hope that the Court might permit Plaintiffs to file their Motion for Preliminary Injunction and overlength Memorandum today, August 2, 2019, consistent with the proposed briefing schedule to which the Parties have agreed.

## II. Good Cause Exists for a Longer Memorandum

This case presents extraordinary circumstances that warrant exceeding the word limit in Plaintiffs' memorandum in support of their motion for preliminary relief. *See* N.D. Fla. L.R. 7.1(F). As set forth in Plaintiffs' Motion for a Scheduling and Briefing Order, ECF No. 94, Plaintiffs seek to file a consolidated preliminary injunction brief and memo on behalf of the Plaintiffs in all five consolidated cases. Plaintiffs submit that the Court and parties will benefit from a *single* consolidated memorandum that contains more extensive briefing.

Plaintiffs respectfully request that this Court grant Plaintiffs' motion for leave to file a memorandum in excess of the word limit, not to exceed 18,000 words, in support of their motion for preliminary injunction.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Emergency Motion for Leave to File a Memorandum in support of their consolidated Motion for Preliminary Injunction in Excess of the Word Limit

## NORTHERN DISTRICT OF FLORIDA LOCAL RULE 7.1 CERTIFICATION

Pursuant to N.D. Fla. L.R. 7.1(B), Plaintiffs conferred with Defendants in late July and Defendants consented to Plaintiffs' request to file a brief in excess of the word limit, except Defendants Bennett and Turner, Supervisors of Elections for Manatee and Sarasota Counties, respectively, who opposed only Plaintiffs' request

to file a preliminary injunction motion in excess of the word limit. Plaintiffs called and emailed counsel for those two defendants earlier today to determine whether their position had changed, and have not received a response at time of filing.

Pursuant to N.D. Fla. L.R. 7.1(F), this motion contains fewer than 8,000 words. It contains 845 words.

**Date: August 2, 2019**

Respectfully submitted,

/s/ *Julie A. Ebenstein*
Julie A. Ebenstein Fla. Bar No. 91033
R. Orion Danjuma*
Jonathan S. Topaz*
Dale E. Ho**
American Civil Liberties Union Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 284-7332
Fax: (212) 549-2654
jebenstein@aclu.org
odanjuma@aclu.org
jtopaz@aclu.org dho@aclu.org

Daniel Tilley
Fla. Bar No. 102882
Anton Marino**
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
amarino@aclufl.org

Jimmy Midyette
Fla. Bar No. 0495859
American Civil Liberties Union Foundation of Florida
118 W. Adams Street, Suite 510
Jacksonville, FL 32202
Tel: 904-353-8097
jmidyette@aclufl.org

Leah C. Aden*
John S. Cusick*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org

Wendy Weiser
Myrna Pérez
Sean Morales-Doyle*
Eliza Sweren-Becker*
Brennan Center for Justice at NYU
School of Law
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu

*Counsel for Gruver Plaintiffs*
* Admitted Pro Hac Vice
** Pro Hac Vice applications forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I served a true and correct copy of the foregoing document via electronic notice by the CM/ECF system on all counsel or parties of record.

/s/ *Julie A. Ebenstein*
Julie A. Ebenstein