KELVIN LEON JONES, et al.,

*Plaintiffs,*

v.

RON DESANTIS, in his official
capacity as Governor of Florida, et al.,

*Defendants.*

Consolidated Case No. 4:19-cv-300-
RH-CAS

## JOINT DISCOVERY PLAN

The Parties[1] held a Rule 26(f) conference on August 5, 2019. In accordance

with Rule 26(f) and Local Rule 16.1, and the Court's orders of July 5 and 23, 2019,

the Parties to this action jointly developed the following discovery plan:

## I.     Counsel of Record

<u>Plaintiffs</u>

For Plaintiffs Jeff Gruver, Emory Marquis "Marq" Mitchell, Betty Riddle,
Kristopher Wrench, Keith Ivey, Karen Leicht, Raquel Wright, Steven Phalen,

---

[1] Counsel for Plaintiffs Kelvin Leon Jones and Luis A. Mendez did not participate
in the Rule 26(f) conference. Counsel for *Gruver* Plaintiffs has spoken with
Counsel for Plaintiffs Jones and Mendez and can attest that Plaintiffs Jones and
Mendez agree with Plaintiffs' positions as set forth in this joint report.

Clifford Tyson, Jermaine Miller, Florida State Conference of the NAACP, Orange County Branch of the NAACP, and League of Women Voters of Florida:

Julie A. Ebenstein
Fla. Bar No. 91033
R. Orion Danjuma*
Jonathan S. Topaz*
Dale E. Ho**
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 284-7332
jebenstein@aclu.org
odanjuma@aclu.org
jtopaz@aclu.org
dho@aclu.org

Leah C. Aden*
John S. Cusick*
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org

Daniel Tilley
Fla. Bar No. 102882
Anton Marino**
American Civil Liberties Union of
Florida
4343 West Flagler St., Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
amarino@aclufl.org

Jimmy Midyette
Fla. Bar No. 0495859
American Civil Liberties Union
Foundation of Florida
118 W. Adams Street, Suite 510
Jacksonville, FL 32202
Tel: (904) 353-8097
jmidyette@aclufl.org

Wendy Weiser
Myrna Pérez
Sean Morales-Doyle*
Eliza Sweren-Becker*
Brennan Center for Justice at NYU
School of Law
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu

For Plaintiffs Bonnie Raysor, Diane
Sherrill, and Lee Hoffman:

Danielle Lang*
Mark P. Gaber*
Molly E. Danahy*
Blair Bowie*
Jonathan Diaz*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 868-4758
dlang@campaignlegal.org
mgaber@campaignlegal.org
mdanahy@campaignlegal.org
bbowie@campaignlegal.org
jdiaz@campaignlegal.org

Chad W. Dunn
Florida Bar No. 0119137
1200 Brickell Avenue, Suite 1950
Miami, FL 33131
Tel: (305) 783-2190
chad@brazilanddunn.com


* Admitted Pro Hac Vice
** Pro Hac Vice applications
forthcoming

For Plaintiffs Rosemary Osborne
McCoy and Sheila Singleton:

Nancy G. Abudu
Fla. Bar No. 111881
Caren E. Short*
Southern Poverty Law Center
P.O. Box 1287
Decatur, GA 30031-1287
Tel: (404) 521-6700
nancy.abudu@splcenter.org
caren.short@splcenter.org

For Plaintiffs Kelvin Leon Jones and
Luis A. Mendez:

Michael A. Steinberg
Fla. Bar No. 340065
4925 Independence Pkwy, Suite 195
Tampa, FL 33634
Tel: (813) 221-1300
frosty28@aol.com

Defendants

For Defendant Ron DeSantis, in his official capacity as Governor of the State of Florida:

Joseph W. Jacquot
Nicholas A. Primrose
Colleen M. Ernest
Executive Office of the Governor
400 S. Monroe St., PL-5
Tallahassee, FL 32399
Tel: (850) 717-9310
joe.jacquot@eog.myflorida.com
nicholas.primrose@eog.myflorida.com
colleen.ernst@eog.myflorida.com

For Defendant Laurel Lee, in her official capacity as Secretary of State for the State of Florida:

Brad McVay
Ashley E. Davis
Florida Department of State
R.A. Gray Building
500 S. Bronough Street
Tallahassee, FL 32399-0250
Tel: (850) 245-6511
brad.mcvay@dos.myflorida.com
ashley.davis@dos.myflorida.com

Mohammad O. Jazil
Gary V. Perko
Hopping Green & Sams, P.A.
119 South Monroe Street, Suite 300
Tallahassee, FL 32301
Tel: (850) 222-7500
mjazil@hgslaw.com
gperko@hgslaw.com

George N. Meros, Jr.
Tara R. Price
Holland & Knight LLP
315 South Calhoun Street, Suite 600
Tallahassee, FL 32301
Tel: (850) 224-7000
george.meros@hklaw.com
tara.price@hklaw.com

For Defendant Kim A. Barton, in her official capacity as Supervisor of Elections for Alachua County:

Robert Charles Swain
Alachua County Attorney's Office
12 SE First St
PO Box 2877
Gainesville, FL 32602
Tel: (352) 374-5218
bswain@alachuacounty.us

For Defendant Peter Antonacci, in his official capacity as Supervisor of Elections for Broward County:

Adam Katzman
Nathaniel Klitsberg
115 S. Andrews Avenue, Suite 423
Ft. Lauderdale, Florida 33301
Tel: (954) 357-7600
akatzman@broward.org
nklitsberg@broward.org

George N. Meros, Jr.
Tara R. Price
Holland & Knight LLP

For Defendant Mike Hogan, in his official capacity as Supervisor of Elections for Duval County:

Craig D. Feiser
City of Jacksonville
Office of the General Counsel
City Hall, St. James Building
117 West Duval Street, Suite 480
Jacksonville, FL 32202
Tel: (904) 255-5052
cfeiser@coj.net

For Defendant Craig Latimer, in his official capacity as Supervisor of Elections for Hillsborough County:

Stephen M. Todd
Hillsborough County Attorney's Office
601 E. Kennedy Blvd., 27th Floor
Tampa, FL 33602
Tel: (813) 272-5670
ToddS@HCFLGov.net
todds@hillsboroughcounty.org

For Defendant Leslie Rossway Swan, in her official capacity as Supervisor of Elections for Indian River County:

Dylan T. Reingold
Indian River County
County Attorney's Office
1801 27th Street, Building A
Vero Beach, FL 32960
Tel: (772) 226-1427
dreingold@ircgov.com

For Defendant Mark Earley, in his official capacity as Supervisor of Elections for Leon County:

Mark Herron
S. Denay Brown
Messer Caparello
2618 Centennial Place
Tallahassee, FL 32308
Tel: (850) 222-0720
mherron@lawfla.com
dbrown@lawfla.com

For Defendants Michael Bennett, in his official capacity as Supervisor of Elections for Manatee County, and Ron Turner, in his official capacity as Supervisor of Elections for Sarasota County:

Morgan R. Bentley
Bentley & Bruning P.A.
783 South Orange Ave., Third Floor
Sarasota, FL 34236
Tel: (941) 556-9037
mbentley@bentleyandbruning.com

For Defendant Christina White, in her official capacity as Supervisor of Elections for Miami-Dade County:

Oren Rosenthal
Michael B. Valdes
Miami-Dade County Attorney's Office
111 N.W. 1st Street
Miami, FL 33128
Tel: (305) 375-5151
oren.rosenthal@miamidade.gov
michael.valdes@miamidade.gov

For Defendant Bill Cowles, in his
official capacity as Supervisor of
Elections for Orange County:

Nicholas A. Shannin
Shannin Law Firm PA
214 East Lucerne Circle, Suite 200
Orlando, FL 32801
Tel: (407) 985-2222
service@shanninlaw.com

## II.       Consent to Proceed before a Magistrate Judge

The Parties have conferred regarding consent to proceed before a

magistrate judge.

## III.      Nature of the Case

Plaintiffs challenge the portions of Florida Senate Bill 7066 (SB7066) that

make voting rights for people with felony convictions, including those of the

Individual Plaintiffs and some of the Organizational Plaintiffs' members,

contingent on the repayment of certain legal financial obligations ("LFOs").

Plaintiffs allege that these provisions violate the First Amendment, the Eighth

Amendment, the Due Process and Equal Protection Clauses of the Fourteenth

Amendment, the Fifteenth Amendment, the Twenty-Fourth Amendment, and the

Ex Post Facto Clause of the United States Constitution.

A. <u>Plaintiffs' Position</u>

Given that SB7066 has only been in effect for just over a month, that

discovery is ongoing, and that the facts are still developing, it is difficult at this

point to know which facts are in dispute. Plaintiffs contend that the principal relevant factual issues in this case, whether or not they are disputed, include the legislative intent of SB7066; the scope of the impact of SB7066; how Defendants are implementing the rule put in place by SB7066, which makes voting rights contingent on the repayment of certain LFOs; what guidance Defendant Secretary of State is giving to supervisors of elections; whether SB7066 and its implementation are causing arbitrary or erroneous deprivations of or undue burdens on the right to vote; and whether there are reliable and accurate sources of information about outstanding LFOs, which are readily accessible to registrants, Supervisors of Elections, and the Sectary of State. Plaintiffs dispute the State Defendants' contention that these cases raise solely facial challenges or that the only factual issue in dispute is the intent behind SB7066. Plaintiffs' complaints and motion for preliminary injunction already identify numerous factual issues related to SB7066's flawed implementation and application to Plaintiffs that relate to their legal claims for relief.

The principal legal issues in dispute include whether SB7066, by making voting rights contingent on the repayment of LFOs, regardless of the ability to pay violates—on its face and as applied—the First Amendment, the Eighth Amendment, the Fourteenth Amendment, the Twenty-Fourth Amendment, and the Ex Post Facto Clause of the United States Constitution; whether SB7066, by

making voting rights contingent on facts that are often indiscernible because of unreliable data on outstanding LFOs, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment; whether SB7066 imposes severe and undue burdens on the right to vote, in violation of the Fourteenth Amendment; and whether SB7066 was enacted with racially discriminatory intent, in violation of the Fourteenth and Fifteenth Amendments.

B. State Defendants' (Governor and Secretary of State) Position

Plaintiffs' complaints raise facial challenges to the constitutionality of SB7066. The factual issues relevant to these inquiries involve the intent behind SB7066's adoption, but not the broader fishing expedition Plaintiffs seek to conduct.

Plaintiffs filed these lawsuits before SB7066 went into effect. Many of the Plaintiffs have registered to vote and some have already voted. That Plaintiffs say they are unclear about which facts are in dispute in these cases is a symptom of the fact that Plaintiffs made their allegations prior to SB7066's implementation and before they could possibly allege sufficient injuries to bring as applied challenges.

In addition to the legal issues Plaintiffs identified above, additional disputed legal issues that will need resolution include: (1) whether Plaintiffs can satisfy the redressability prong for standing because they have sued about the constitutionality of only the provisions of statute, and not Amendment 4; (2) whether the phrase "all

terms of the sentence" in article VI, section 4(a) of the Florida Constitution includes legal fines, fees, restitution, and other obligations; (3) whether the Court should abstain from deciding these cases under the *Pullman* doctrine, as they present unsettled issues of state law that could prove dispositive and avoid the need for this Court to decide federal constitutional claims; (4) whether the Court should abstain from deciding these cases under the *Burford*/*Thibodaux* doctrines or the principles of constitutional avoidance; and (5) whether Plaintiffs' claims are ripe.

C. Supervisors of Elections Defendants' position

The Defendant Supervisors of Elections contend that the principal legal issue in dispute in this case relevant to them is the question of whether they are properly included as Defendants. These Defendants have moved for their dismissal from the case on the grounds that they are not properly included and several of them have moved to stay discovery during the pendency of that motion to dismiss.

IV.    Settlement Discussions

The Parties have considered possibilities for promptly settling or resolving the case, but given that the Plaintiffs are challenging the constitutionality of SB7066, Plaintiffs do not think a complete resolution of the case is likely.

## V.      Proposed Timetables and Cutoff Dates

The Parties propose that the cutoff date for joinder of other parties or amendments to the Complaints be October 10, 2019. After the Governor signed SB7066, the *Gruver* Plaintiffs sent a letter to Defendant Secretary of State Lee pursuant to 52 U.S.C. § 20510(b), providing notice that SB7066 violates the National Voter Registration Act of 1993 (NVRA). The NVRA requires Plaintiffs to give the Secretary 90 days from the receipt of the notice letter to cure any violation before filing suit. *Id.* The Secretary received the letter on July 5, 2019, so October 3, 2019 is the ninetieth day following her receipt and October 10 gives Plaintiffs one week to amend based on any response she may provide. Because the claims Plaintiffs are prepared to raise under the NVRA are substantially related to the claims at issue in this case, the parties believe they would be most efficiently addressed as part of this action.

Defendant Latimer, Hillsborough County Supervisor of Elections, does not stipulate to the above narrative about the NVRA notice, but does not object to the proposed deadline for amending pleadings.

A. Plaintiffs' Position

The Court has set a discovery cut-off date of November 4, 2019. Plaintiffs request that the cut-off date be moved to December 18, 2019. Plaintiffs propose a

deadline for summary judgment motions of January 15, 2020, a response deadline of February 5, 2020, and a reply deadline of February 19, 2020.

Plaintiffs propose a trial in April 2020.

These dates have been carefully selected in light of upcoming elections and the need for time for appeal and unhurried implementation of any ruling by this Court.

Unfortunately, it is not possible to allow for full development of a trial record, appeal, and unhurried implementation prior to the presidential preference election book closing on February 18. Therefore, Plaintiffs suggest that the Court proceed with a preliminary injunction hearing this October to address Plaintiffs' claims for relief prior to that election. A hearing this October would allow for an unhurried implementation of any preliminary injunction issued by this Court (and allow time for expedited appellate proceedings if necessary). Similarly, a trial in April 2020 will allow time for this Court to make a determination on the merits, for any party to appeal, and for unhurried implementation prior to the November 2020 presidential and general elections.

Defendants' suggestion of a November trial would unreasonably cut off Plaintiffs' right to discovery and development of the record. It calls for the submission of summary judgment motions prior to close of discovery, provides this Court no time to address summary judgment motions prior to trial, does not

account for expert discovery, and appears designed to short circuit full presentation of the facts at issues in this case.

B. State Defendants' Position

State Defendants do not agree that discovery should extend beyond the current cut-off date of November 4, 2019—in fact, State Defendants recommend that discovery end sooner, about mid-October. State Defendants propose a deadline for summary judgment motions of October 4, 2019, a response deadline of October 25, 2019, and a reply deadline of November 8, 2019.

State Defendants propose a trial in November 2019.

VI.    Preliminary Injunction

A. Plaintiffs' Position

On August 2, 2019, Plaintiffs filed an unopposed motion for leave to file an overlength brief in support of a motion for preliminary injunction and attached their proposed brief. In their motion of July 26, 2019, Plaintiffs requested a briefing schedule and hearing date for their motion for a preliminary injunction and stated the various Defendants' positions on that request. The Court denied the motion to adopt Plaintiffs' proposed schedule without prejudice on August 7, 2019, stating that a schedule would be established at a hearing scheduled for August 15, 2019. Should the Court be unable to schedule a preliminary injunction hearing in mid-September, Plaintiffs request, in the alternative, a hearing date in late October,

to allow for a decision and time for appeal and unhurried implementation of preliminary relief before the February 18 book closing for the statewide March 2020 election. Should the Court grant Defendants' request for an extension to September 6 for Defendants to respond to Plaintiffs' preliminary injunction motion, Plaintiffs intend to request leave to reply, with a deadline on or before September 27.

Plaintiffs are currently conducting discovery relevant to the preliminary injunction and are therefore not yet able to determine the witnesses they will present at a hearing, though Plaintiffs do expect to present some live testimony. Defendants have yet to propound any discovery requests. Plaintiffs propose the disclosure of witnesses 14 days before the hearing. Plaintiffs expect that some of the evidence at the hearing may be admitted in the form of declarations and will work to limit admissibility disputes in advance of the hearing.

For the reasons stated above, Plaintiffs propose that the proceedings concerning the preliminary injunction motion not be consolidated with proceedings regarding the merits of the case.

## B. State Defendants' Position

The *Gruver*, *Raysor*, and *McCoy* Plaintiffs filed their proposed preliminary injunction motion on Friday, August 2, 2019. Plaintiffs' memorandum of law spans 85 pages and includes approximately 18,000 words, more than double the

limit authorized under the Local Rules. Plaintiffs' memorandum includes 26 attachments comprising several hundred additional pages. In addition, Plaintiffs themselves comprise fifteen individuals and three organizations, as well as purported classes of individuals.

Plaintiffs will not advise Defendants as to the names or even an approximate number of witnesses Plaintiffs plan to present at the preliminary injunction hearing in time for Defendants to engage in targeted discovery prior to the preliminary injunction hearing. As a result, Defendants are now forced to conduct more discovery than originally anticipated and request that this Court grant State Defendants until Friday, September 6, 2019 to file a response to Plaintiffs' preliminary injunction motion. Because the response deadlines (absent a court order) are set by rule, State Defendants plan to file a motion for an extension of time to respond to Plaintiffs' Motion for Preliminary Injunction.

If this Court separates the preliminary injunction hearing from a trial on the merits, State Defendants respectfully request that this Court schedule the preliminary injunction hearing no earlier than Friday, September 20, 2019 so that the parties have adequate time to prepare. State Defendants, however, would prefer that any preliminary injunction hearing be combined with a trial on the merits, which would also give the parties adequate time to conduct any necessary

discovery. State Defendants request that the Court schedule this preliminary injunction hearing/final trial in November.

Finally, State Defendants request that the parties be required to disclose their live witnesses and declarants no later than 30 days prior to the preliminary injunction hearing.

## VII.  Discovery

### A. Timing and Form of Discovery

The subjects on which Plaintiffs contend discovery may be needed are the interpretation and implementation of SB7066, the scope and availability of data used to implement SB7066, the scope of the bill's impact, and the legislative intent for its enactment. The Court's initial scheduling order set a discovery cut-off date of November 4, 2019. To allow for full development of the record and expert discovery, Plaintiffs request an extension of that deadline to December 18, 2019.

Plaintiffs anticipate that they will put forward at least one, but possibly more, expert reports in support of their case. Plaintiffs request an extension on the disclosure deadlines set forth in the Court's initial scheduling order, with initial expert disclosures due November 15, 2019 and rebuttal disclosures due December 6, 2019.

Defendant Supervisors of Elections have requested a stay of discovery as it relates to the Supervisors of Elections until resolution of the pending Motions to

Dismiss (ECF Nos. 96, 97). Plaintiffs have objected to this relief and intend to oppose the request.

Because State Defendants do not agree that this case should be tried in April, State Defendants object to the extension of current discovery deadlines. State Defendants also do not agree with, and expressly reserve the right to object to, Plaintiffs' discovery requests and characterization of the relevant issues in these cases.

B. <u>Disclosure or Production of Electronic or Computer-Based Media</u>

1. Generally: The Parties may request production of electronic or computer-based media ("Electronic Stored Information" or "ESI"). Electronic discovery shall be limited to ESI that is reasonably available and accessible to the responding party in the ordinary course of business. The term "ESI" shall include, but is not limited to: email, word processing documents, spreadsheets, presentation documents, images, audio, video, and audiovisual recordings, databases, computer systems (hardware and software), servers, archives, backup for disaster recovery systems, tapes, discs, drives, cartridges, and other storage media, personal digital assistances, handheld wireless devices, mobile telephones, and paging devices.

2. Identification and Production of Discoverable ESI: The Parties shall review all ESI that has been identified as containing relevant discoverable information for responsiveness and privilege. In accordance with the guidelines described herein, the Parties shall produce ESI that is responsive and not privileged or otherwise protected. The producing party shall list on a privilege log any responsive ESI to which it claims a privilege or other protection.

3. Scope and Cost Required: The parties do not expect that the cost and time required for disclosure or production of ESI will be beyond what is reasonably available and accessible to the Parties in the ordinary course of business.

4. Form of Production of ESI: ESI shall, to the extent possible, be produced in an accessible standard format and on a standard media (e.g., hard drive, thumb drive, or CD-ROM) or via email, an online server, or an online file transfer system. As a general matter, ESI should be produced either in Portable Document Format (PDF) or in its native format. If any ESI is not readable, the producing party may elect to produce such information in hard copy format.

5. Preservation of Potentially Discoverable ESI: The Parties have taken reasonable measures and adopted procedures to preserve potentially

discoverable ESI that is relevant to this litigation from alteration or destruction in the ordinary course of business.

6. Inadvertent Production of ESI or Any Documents: Any inadvertently produced information shall be returned to the party who inadvertently produced such information, and production of such information shall not constitute a waiver of any attorney-client, work product or other applicable privilege or protection (a "privilege").

C. Changes to Discovery Limitations

The Parties do not request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court. The parties in each of the consolidated cases are therefore entitled to take 10 depositions and each party is entitled to serve no more than 25 written interrogatories on any other party.

D. Other Discovery Matters

Certain discovery in this case may include personally sensitive information and information prohibited by law from disclosure to third parties. The parties agree to work cooperatively in determining the relevancy of such information and will prepare proposed Protective Orders as appropriate.

## VIII. Good Faith Estimate of Trial Date

### A. Plaintiffs' Position

Plaintiffs offer a good faith estimate that the case will be ready for trial in April 2020. As discussed above, Plaintiffs submit that the discovery and trial schedule should be set with an eye towards the dates of the upcoming elections. There are elections in Florida in November and December 2019, as well as a presidential preference primary on March 17, 2020. The Court's initial scheduling order contemplated a trial within eight months of the filing of the complaints, or by the end of February 2020. However, the registration deadline for next year's presidential preference primary is February 18, 2020. It would be difficult to complete discovery, brief dispositive motions, try this case, and have a ruling in time for that deadline. Moreover, a trial in the weeks before the registration deadline would not allow for an appeal and unhurried implementation of the ultimate decision by elections officials. So, Plaintiffs propose extending the discovery schedule as set forth above and having the trial in April, which will allow time for an appeal and unhurried implementation of the ultimate decision by elections officials in advance of the elections in November 2020. Plaintiffs make this good faith estimate with the assumption that there will be a hearing on their motion for a preliminary injunction in time for the upcoming elections.

B.  State Defendants' Position

State Defendants assert that this case will be ready for trial in November. The final trial on the merits should be held in conjunction with any preliminary injunction hearing. This will provide adequate time for discovery as well as ensure that there is a reasonable amount of time for this Court and any appellate court to consider the issues, as well as to give state officials plenty of time to implement any necessary changes prior to the presidential primaries.

As one of the complaints pleads class action allegations, State Defendants are concerned that dealing with class certification issues will unnecessarily delay resolution of this litigation and reduce the amount of time for this Court and the appellate court to consider the relevant issues, and reduce the amount of time the State will have to implement the ultimate outcome of this litigation prior to the 2020 primary and general elections. Thus, State Defendants request that any briefing schedule and determination of class certification be deferred until after a trial on the merits is held.[2]

---

[2] Defendants did not raise their position on postponing class certification briefing at the Rule 26 conference. As a result, *Raysor* Plaintiffs have not had an opportunity to confer with Defendants about this proposal. *Raysor* Plaintiffs reserve judgment on this request until they have had the opportunity to discuss it with Defendants.

## IX. Complex Litigation Manual

This is a complex consolidated action, and the Parties believe the Manual for Complex Litigation may provide helpful guidance to the Court, but do not believe that the case should be made subject to the manual for all purposes.

## X. Disclosures

The Parties agree to make Rule 26(a)(1) initial disclosures on or before August 19, 2019. Rule 26(a)(2) disclosures will be made in compliance with the Court's initial scheduling order. Plaintiffs request leave to make Rule 26(a)(2) disclosures by November 15, 2019, and rebuttal disclosures by December 6, 2019.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

FOR PLAINTIFFS

JEFF GRUVER, EMORY MARQUIS "MARQ" MITCHELL, BETTY RIDDLE, KRISTOPHER WRENCH, KEITH IVEY, KAREN LEICHT, RAQUEL WRIGHT, STEVEN PHALEN, CLIFFORD TYSON, JERMAINE MILLER, FLORIDA STATE CONFERENCE OF THE NAACP, ORANGE COUNTY BRANCH OF THE NAACP, and LEAGUE OF WOMEN VOTERS OF FLORIDA

By   */s/ Eliza Sweren-Becker*

Wendy Weiser
Myrna Pérez
Sean Morales-Doyle*
Eliza Sweren-Becker*
Brennan Center for Justice at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310
wendy.weiser@nyu.edu
myrna.perez@nyu.edu
sean.morales-doyle@nyu.edu
eliza.sweren-becker@nyu.edu


BONNIE RAYSOR, DIANE SHERRILL, and
LEE HOFFMAN

By  /s/ Danielle Lang

Danielle Lang*
Mark P. Gaber*
Molly E. Danahy*
Blair Bowie*
Jonathan Diaz*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 868-4758
dlang@campaignlegal.org
mgaber@campaignlegal.org
mdanahy@campaignlegal.org
bbowie@campaignlegal.org
jdiaz@campaignlegal.org


ROSEMARY MCCOY and SHEILA SINGLETON

By  /s/ Nancy G. Abudu

Nancy G. Abudu
Fla. Bar No. 111881
Caren E. Short*

Southern Poverty Law Center
P.O. Box 1287
Decatur, GA 30031-1287
Tel: (404) 521-6700
nancy.abudu@splcenter.org
caren.short@splcenter.org

KELVIN LEON JONES and LUIS A. MENDEZ

By  */s/ Michael A. Steinberg*

Michael A. Steinberg
Fla. Bar No. 340065
4925 Independence Pkwy, Suite 195
Tampa, Fl 33634
Tel: (813) 221-1300
frosty28@aol.com

FOR DEFENDANTS

RON DESANTIS, in his official capacity as
GOVERNOR OF THE STATE OF FLORIDA:

By  */s/ Nicholas A. Primrose*

Joseph W. Jacquot
Nicholas A. Primrose
Colleen M. Ernest
Executive Office of the Governor
400 S. Monroe St., PL-5
Tallahassee, FL 32399
Tel: (850) 717-9310
joe.jacquot@eog.myflorida.com
nicholas.primrose@eog.myflorida.com
colleen.ernst@eog.myflorida.com

LAUREL LEE, in her official capacity as
SECRETARY OF STATE FOR THE STATE OF
FLORIDA:

By   */s/ Brad McVay*

Brad McVay
Ashley E. Davis
Florida Department of State
R.A. Gray Building
500 S. Bronough Street
Tallahassee, FL 32399-0250
Tel: (850) 245-6511
brad.mcvay@dos.myflorida.com
ashley.davis@dos.myflorida.com

KIM A. BARTON, in her official capacity as
SUPERVISOR OF ELECTIONS FOR
ALACHUA COUNTY:

By   */s/ Robert C. Swain*

Robert Charles Swain
Alachua County Attorney's Office
12 SE First St
PO Box 2877
Gainesville, FL 32602
Tel: (352) 374-5218
bswain@alachuacounty.us

PETER ANTONACCI, in his official capacity as
SUPERVISOR OF ELECTIONS FOR
BROWARD COUNTY:

By   */s/ Adam Katzman*

Adam Katzman
Nathaniel Klitsberg
115 S. Andrews Avenue, Suite 423
Ft. Lauderdale, Florida 33301
Tel: (954) 357-7600
akatzman@broward.org
nklitsberg@broward.org

MIKE HOGAN, in his official capacity as
SUPERVISOR OF ELECTIONS FOR DUVAL
COUNTY:

By   */s/ Craig D. Feiser*

Craig D. Feiser
City of Jacksonville
Office of the General Counsel
City Hall, St. James Building
117 West Duval Street, Suite 480
Jacksonville, FL 32202
Tel: (904) 255-5052
cfeiser@coj.net

CRAIG LATIMER, in his official capacity as
SUPERVISOR OF ELECTIONS FOR
HILLSBOROUGH COUNTY:

By   */s/ Stephen M. Todd*

Stephen M. Todd
Hillsborough County Attorney's Office
601 E. Kennedy Blvd., 27th Floor
Tampa, FL 33602
Tel: (813) 272-5670
ToddS@HCFLGov.net
todds@hillsboroughcounty.org

LESLIE ROSSWAY SWAN, in her official
capacity as SUPERVISOR OF ELECTIONS FOR
INDIAN RIVER COUNTY:

By   */s/ Dylan T. Reingold*

Dylan T. Reingold
Indian River County
County Attorney's Office
1801 27th Street, Building A
Vero Beach, FL 32960

Tel: (772) 226-1427
dreingold@ircgov.com

MARK EARLEY, in his official capacity as
SUPERVISOR OF ELECTIONS FOR LEON
COUNTY:


By   */s/ Mark Herron*_____

Mark Herron
S. Denay Brown
Messer Caparello
2618 Centennial Place
Tallahassee, FL 32308
Tel: (850) 222-0720
mherron@lawfla.com
dbrown@lawfla.com

MICHAEL BENNETT, in his official capacity as
SUPERVISOR OF ELECTIONS FOR
MANATEE COUNTY, and RON TURNER, in
his official capacity as SUPERVISOR OF
ELECTIONS FOR SARASOTA COUNTY:


By   */s/ Morgan R. Bentley*_____

Morgan R. Bentley
Bentley & Bruning P.A.
783 South Orange Ave., Third Floor
Sarasota, FL 34236
Tel: (941) 556-9037
mbentley@bentleyandbruning.com

CHRISTINA WHITE, in her official capacity as
SUPERVISOR OF ELECTIONS FOR MIAMI-
DADE COUNTY:


By   */s/ Oren Rosenthal*_____

Oren Rosenthal

Michael B. Valdes
Miami-Dade County Attorney's Office
111 N.W. 1st Street
Miami, FL 33128
Tel: (305) 375-5151
oren.rosenthal@miamidade.gov
michael.valdes@miamidade.gov

BILL COWLES, in his official capacity as
SUPERVISOR OF ELECTIONS FOR ORANGE
COUNTY:

By  */s/ Nicholas A. Shannin*

Nicholas A. Shannin
Shannin Law Firm PA
214 East Lucerne Circle, Suite 200
Orlando, FL 32801
Tel: (407) 985-2222
service@shanninlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2019, I electronically filed the foregoing

Joint Scheduling and Discovery Report with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to all counsel of

record.

*/s/ Eliza Sweren-Becker*
Counsel for *Gruver* Plaintiffs
