## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

KELVIN LEON JONES, et al.,              Case No. 4:19cv00300-RH-MJF

     Plaintiffs,

vs.

RON DESANTIS, in his official capacity
as Governor of the State of Florida, et al.

     Defendants.

_____/

## DEFENDANT, LESLIE ROSSWAY SWAN,
## SUPERVISOR OF ELECTIONS FOR INDIAN RIVER COUNTY'S
## ANSWER AND AFFIRMATIVE DEFENSE TO COMPLAINT
## FOR INJUNCTIVE AND DECLARATORY RELIEF

**COMES** NOW, Defendant, Leslie Rossway Swan, Supervisor of Elections for Indian River County ("Indian River County Supervisor"), by and through her undersigned counsel, answers Plaintiff's Complaint for Injunctive and Declaratory Relief, and states:

## PRELIMINARY STATEMENT

1.    The Indian River County Supervisor admits that on November 6, 2018, Amendment 4 was approved by the voters of the State of Florida. All other allegations are denied.

2.    Denied.

3.     The Indian River County Supervisor admits that this is an action challenging SB 7066, and denies the remaining allegations.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

11.     The Indian River County Supervisor is without knowledge, and thus his paragraph is denied.

12.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

13.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

14.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

15.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

16.     The Indian River County Supervisor admits Ms. Wright has registered to vote on-line, and otherwise is without knowledge to the remaining allegations. Thus, the remaining allegations of this paragraph are denied.

17.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

18.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

19.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

20.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

21.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

22.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

23.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

24.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

25.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

26.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

27.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

28.     Denied.

29.     The Indian River County Supervisor is without knowledge, and thus this paragraph is denied.

30.     Admitted.

31.     Indian River County Supervisor admits that the named Supervisors, including herself, hold the positions as stated.  Otherwise, the state speaks for itself and so the remaining allegations of this paragraph are denied.

## JURISDICTION

32.     The Indian River County Supervisor admits this is an action under 42 U.S.C. §§ 1983 and 1988, and otherwise denies the remaining portions of this paragraph.

33.     The Indian River County Supervisor admits that this Court has jurisdiction, and otherwise denies the remaining portions of this paragraph.

34.     Admitted.

35.     Admitted.

36.     Admitted.

## STATEMENT OF FACTS

37.     The Indian River County Supervisor admits that on November 6, 2018, Florida voters approved Amendment 4, and the remaining allegations are denied.

38.     The Florida Constitution speaks for itself and thus the allegations of this paragraph are denied.

39.     The Florida Constitution and the Advisory Opinion speak for themselves and thus the allegations of this paragraph are denied.

40.     The cases speak for themselves, and thus the allegations of the paragraph are denied.

41.     The cases speak for themselves, and thus the allegations of the paragraph are denied.

42.     Admitted.

43.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

44.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

45.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

46.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

47.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

48.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

53.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

54.     The Advisory Opinion speaks for itself, and thus the allegations of this paragraph are denied.

55.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

56.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

57.     The statute speaks for itself, thus the allegations of this paragraph are denied.

58.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

59.     SB 7066 speaks for itself and thus the allegations of this paragraph are denied.

60.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

61.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

62.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

63.     The statute and the case speak for themselves, and thus the allegations of this paragraph are denied.

64.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

65.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

66.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

67.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

68.     The Indian River County Supervisor is without knowledge, and thus the allegations in this paragraph are denied.

69.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

70.     The comments of the members of the Florida Legislature speak for themselves, and thus the allegations of this paragraph are denied.

71.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

72.     The statute speaks for itself, and thus the allegations of this paragraph are denied.

73.     The statute and the comments of the members of the Legislature speak for themselves, and thus the allegations of this paragraph are denied.

74.     The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

75.     SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

76.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

77.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

78.     SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

79.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

80.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

81.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

82.     The Indian River County Supervisor is without knowledge as to the hearings, and the case speaks for itself, and thus the allegations of this paragraph are denied.

83.     The Indian River County Supervisor is without knowledge as to the knowledge of the members of the Legislature Legislative, and the case speaks for itself, and thus the allegations of this paragraph are denied.

84.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

85.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

86.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

87.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

88.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

89.     The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

90.     SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

## CLAIMS FOR RELIEF

### COUNT ONE

**Fourteenth Amendment to the U.S. Constitution,
as enforced by 42. U.S.C. § 1983
Violation of Fundamental Fairness**

91.     The Indian River County Supervisor incorporates each response contained in the proceeding paragraphs.

92.     The U.S. Constitution speaks for itself, and thus the paragraph is denied.

93.     The U.S. Constitution and the cases speak for themselves, and thus the allegations of the paragraph are denied.

94.    The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

95.    The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

96.    The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

97.    SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

98.    SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

## COUNT TWO

**Fourteenth Amendment to the U.S. Constitution,
as enforced by 42. U.S.C. § 1983
Unconstitutional Discrimination in Violation of Equal Protection**

99.    The Indian River County Supervisor incorporates each response contained in the proceeding paragraphs.

100.    SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

101.    The cases speak for themselves, and thus the allegations in this paragraph are denied.

102.   The cases speak for themselves, and thus the allegations in this paragraph are denied.

103.   The cases speak for themselves, and thus the allegations in this paragraph are denied.

104.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

105.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

106.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

107.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

108.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

109.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

110.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

111.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

## COUNT THREE

### Fourteenth Amendment to the U.S. Constitution,
### as enforced by 42. U.S.C. § 1983
### Unconstitutional Burden on the Fundamental Right to Vote

112. The Indian River County Supervisor incorporates each response contained in the proceeding paragraphs.

113. The cases speak for themselves, and thus the allegations in this paragraph are denied.

114. The cases speak for themselves, and thus the allegations in this paragraph are denied.

115. The Indian River County Supervisor admits that Ms. Wright is a registered voter, but otherwise is without knowledge as to whether the other Plaintiffs are, thus the remaining allegations of this paragraph are denied.

116. The Indian River County Supervisor admits that Ms. Wright is a registered voter, but otherwise is without knowledge as to whether the other Plaintiffs are, thus the remaining allegations of this paragraph are denied.

117. The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

118. The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

119.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

120.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

121.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

122.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

123.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

124.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

125.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

126.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

127.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

## COUNT FOUR

### Twenty-Fourth Amendment to the U.S. Constitution, as enforced by 42. U.S.C. § 1983 Unconstitutional Poll Tax

128.   The Indian River County Supervisor incorporates each response contained in the proceeding paragraphs.

129.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

130.   The U.S. Constitution speaks for itself, and thus the paragraph is denied.

131.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

132.   SB 7066 and the Advisory Opinion speak for themselves, and thus the allegations of this paragraph are denied.

133.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

## COUNT FIVE

### Fourteenth Amendment to the U.S. Constitution, as enforced by 42. U.S.C. § 1983 Vagueness and Violation of Procedural Due Process

134.   The Indian River County Supervisor incorporates each response contained in the proceeding paragraphs.

135.   The cases speak for themselves, and thus the allegations in this paragraph are denied.

136.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

137.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

138.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

139.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

140.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

141.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

142.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

143.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

144.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

145.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

146.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

147.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

148.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

## COUNT SIX

**First and Fourteenth Amendments to the U.S. Constitution,
as enforced by 42. U.S.C. §§ 1983
Burden on Core Political Speech and Associational Rights**

149.   The Indian River County Supervisor incorporates each response contained in the proceeding paragraphs.

150.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

151.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

152.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

153.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

154.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

155.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

## COUNT SEVEN

**Article I, § 10 of the U.S. Constitution,**
**as enforced by 42. U.S.C. § 1983**
**Retroactive Punishment in Violation of Ex Post Facto Clause**

156.   The Indian River County Supervisor incorporates each response contained in the proceeding paragraphs.

157.   The U.S. Constitution speaks for itself, and thus the paragraph is denied.

158.   The Indian River County Supervisor admits that Ms. Wright was convicted of a crime prior to the passage of SB 7066, however is without knowledge as to the other Plaintiffs and thus the remaining allegation of this paragraph are denied.

159.   SB 7066 speaks for itself, and thus the allegations of this paragraph are denied.

160.   The Indian River County Supervisor admits that Ms. Wright is a registered voter, but otherwise is without knowledge as to whether the other Plaintiffs are, thus the remaining allegations of this paragraph are denied.

161.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

162.   The Indian River County Supervisor is without knowledge as to the Legislative hearings, and thus the allegations in this paragraph are denied.

163.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

164.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

165.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

## COUNT EIGHT

**Fourteenth and Fifteenth Amendments to the U.S. Constitution,
as enforced by 42. U.S.C. § 1983
Intentional Race Discrimination**

166.   The Indian River County Supervisor incorporates each response contained in the proceeding paragraphs.

167.   The U.S. Constitution and the cases speak for themselves, and thus the allegations of the paragraph are denied.

168.   The case speaks for itself, and thus the allegations of this paragraph are denied.

169.   The case speaks for itself, and thus the allegations of this paragraph are denied.

170.   The case speaks for itself, and thus the allegations of this paragraph are denied.

171.   The Indian River County Supervisor is without knowledge, and thus the allegations of this paragraph are denied.

172.   This paragraph calls for a legal conclusion, and thus the allegations of this paragraph are denied.

## AFFIRMATIVE DEFENSE

As an affirmative defense, Indian River County Supervisor alleges and states as follows:

1.   **The Indian River County Supervisor's Duties are Ministerial.**  The Supervisor had no role in the enactment of SB 7066. Per section 98.015, Florida Statutes, the Indian River County Supervisor is responsible for *inter alia* updating voter registration information, entering new voter registrations into the statewide voter registration system, and acting as the official custodian of documents received by the Supervisor related to the registration of electors and changes in voter registration status of electors in Indian River County. § 98.015, Fla. Stat. (2018).

The Indian River County Supervisor, therefore, is merely a neutral and ministerial position.  Diaz v. Lopez, 167 So. 3d 455, 458 n.7 (Fla. 3d DCA 2015).

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

Indian River County Supervisor reserves the right to assert any and all additional Affirmative Defenses that discovery or other evidence may reveal to be appropriate.  Indian River County Supervisor further reserves the right to amend its Answer or otherwise plead in response to Plaintiffs' Complaint and to file other pleadings as it may deem advisable in defense of the case or as warranted by information add through disclosure.

WHEREFORE, Defendant, prays:

1.    That a judgment be entered in favor of the Defendant against the Plaintiffs.

2.    That Defendant be awarded the costs of its suit; including reasonable attorney fees.

3.    This Court order such other and further relief in Defendant's favor as the Court may find just and proper.

Dated: August 29th, 2019.

/s/ Dylan Reingold
Dylan Reingold, County Attorney
Florida Bar No.  544701
Counsel for Defendant, Leslie Rossway Swan
1801 27th Street
Vero Beach, Florida 32960
Phone No.  (772) 226-1427
Facsimile No.  (772) 569-4317

21

Primary Email: dreingold@ircgov.com
Secondary Email: e-service@ircgov.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 29th day of August, 2019, a true and correct copy of the foregoing document was served via electronically upon all counsel of record in this case.

/s/ Dylan Reingold
Dylan Reingold, County Attorney
Florida Bar No.  544701
Counsel for Defendant, Leslie Rossway Swan
1801 27th Street
Vero Beach, Florida 32960
Phone No.   (772) 226-1427
Facsimile No.   (772) 569-4317
Primary Email: dreingold@ircgov.com
Secondary Email: e-service@ircgov.com