**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

KELVIN JONES,

Plaintiffs,

v.

RON DESANTIS, in his official capacity as Governor of the State of Florida, et al.,

Defendants.
________________________________/

CONSOLIDATED
Case No.: 4:19-cv-00300-RH-CAS
(Lead Case)

**DEFENDANT CRAIG LATIMER, HILLSBOROUGH COUNTY SUPERVISOR OF ELECTIONS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Doc.108)**

Defendant Craig Latimer, the Hillsborough County Supervisor of Elections (herein, "Hillsborough SOE") responds as follows in opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 108), and states:

**Summary of Argument**

Plaintiffs' Motion for Preliminary Injunction (Doc. 108) seeks very specific relief. In their Motion, Plaintiffs request entry of an order:

"restraining and enjoining Defendants from enforcing the provisions of §§ 98.0751(1)-(2)(a), Fla.Stat., that require payment of any financial obligations before automatic restoration of the right to vote; [and] restraining and enjoining Defendants from enforcing the provisions of SB7066 that modify the uniform voter registration application by amending §§ 97.052(2)(t)-(u), Fla.Stat." (Doc. 108 at p. 2).

In the Complaint (Doc. 1), Plaintiffs' "Request for Relief" states that Plaintiffs seek the following relief:

> "WHEREFORE, Plaintiffs respectfully request the following relief: …(b) Temporarily, preliminarily and permanently restrain and enjoin **the State of Florida** from enforcing the provisions of Fla.Stat. Sections 98.0751(1)-(2)(a)."

Doc. 1 at p. 69 (emphasis supplied).

Because neither the provisions of §§ 98.0751(1)-(2)(a), Fla.Stat. nor the provisions of §§ 97.052(2)(t)-(u), Fla.Stat. invoke the authority of the Supervisors of Elections, Plaintiffs lack standing to seek injunctive relief against the Hillsborough SOE or against any other Supervisor of Elections.

The Hillsborough SOE presents this Response to point out that the Hillsborough SOE and Florida's other Supervisors of Elections lack the legal authority to provide any of the requested relief to Plaintiffs. For this reason, Plaintiffs cannot meet their burden, in establishing a basis for standing necessary to seek injunctive relief, to establish the existence of "a causal connection between the injury and the conduct complained of such that the [Plaintiffs'] injury is fairly traceable to [the Hillsborough SOE's] actions." Tobin for Governor v. Illinois State Bd. of Elections, 268 F.3d 517, 527-28 (7th Cir. 2001), citing to Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**MEMORANDUM OF LAW**

Federal law delegates to states the role of determining when and under what circumstances convicted felons may vote.

As District Judge Walker noted in Hand v. Scott, 315 F.Supp.3d 1244, 1254 (N.D.Fla. 2018),

> It is true that 'Florida's *discretion* to deny the vote to convicted felons is fixed by the text' of Section Two of the Fourteenth Amendment…States have a 'realm of *discretion* in the …re-enfranchisement of felons which the states do not possess with respect to limiting the franchise of other citizens…In exercising that discretion, Florida pursues an interest 'in limiting the franchise to responsible voters.'

Id., emphasis in original, citiations omitted.

With one notable exception, federal election law has left to the states the question of whether and how convicted felons' voting rights should be restored. The notable exception occurred in 2002 when Congress passed the Help America Vote Act, 52 U.S.C. §§ 21081 – 21085 (herein, "HAVA") which provided specific instructions to States regarding the formation of centralized, computerized voter registration lists. HAVA provides, in pertinent part:

> …each *State*, acting through *the chief State election official*, shall implement…a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained and administered *at the State level* that contains the name and registration information of every legally registered voter in *the State*…

52 U.S.C. § 21083(a)(1)(A) (emphasis supplied).

HAVA further provides regarding "computerized list maintenance" that:

> Under section 8(a)(3)(B) of [the National Voter Registration Act] (42 U.S.C. 1973gg-6(a)(B)(3)), *the State* shall coordinate the computerized list with *State agency records* **on felony status**.

52 U.S.C. § 21083(a)(2)(A)(ii)(I) (emphasis supplied).

The above provision refers to a section of the National Voter Registration Act (herein, "NVRA"), which states in pertinent part:

> In the administration of voter registration for elections for Federal office, each State shall—
>
> > (3) provide that the name of a registrant may not be removed from the official list of eligible voters except—
> >
> > > (B) as provided by State law, by reason of **criminal conviction**…

42 U.S.C. 1973gg-6(a)(3)(B) (emphasis supplied).

To summarize, the NVRA provides that a convicted felon's name may not be removed from the State's list of eligible voters except "as provided by State law, by reason of criminal conviction." HAVA requires that the State "coordinate" its computerized list of eligible voters "with State agency records on felony status."

The NVRA explicitly defers to State law the precise question of when "a registrant" may be "removed from the official list of eligible voters…by reason of criminal conviction," thus authorizing by statute the State's "realm of discretion" discussed by Judge Walker above.

HAVA leaves to the States the "specific choices on the methods of complying with the requirements of this subchapter." 52 U.S.C. § 21085. In turn, Florida law expressly preempts the field of election law to the State of Florida:

> "All matters set forth in chapters 97-105 [Fla.Stat.] are preempted to the state, except as otherwise specifically authorized by state or federal law."

§ 97.0115, Fla.Stat. Florida law also provides for the duties of the Secretary of State, who "is the chief election officer of the state." § 97.012, Fla.Stat. The Secretary of State's duties include the "responsibility to:

> (9) Ensure that all registration applications and forms prescribed or approved by the department are in compliance with the Voting Rights Act of 1965 and" the NVRA.
>
> and
>
> (11) Create and administer a statewide voter registration system as required by" HAVA.
>
> and
>
> (16) Provide written direction and opinions to the supervisors of elections on the performance of their official duties with respect to the Florida Election Code or rules adopted by the Department of State."

§ 97.012(9), (11), (16) Fla.Stat. None of these responsibilities belong to the Supervisors of Election.

Again to summarize, federal law has delegated to the State of Florida the responsibility to "coordinate" its computerized list of eligible voters "with State agency records on felony status." Federal law has deferred to State law the question of when a "registrant" may be removed from the State's official list of voters "by reason of criminal conviction." In turn, state law preempts the field of election law to the State of Florida, designates the Secretary of State as Florida's chief election

officer, and specifies the Secretary of State's duties to ensure that "all registration applications and forms…are in compliance with" federal law, that the State's voter registration system be administered as required by HAVA, and that the Secretary of State provide written "direction and opinions" to the supervisors of elections.

Next, 98.052, 98.075 and 98.0751, Fla.Stat. collectively delineate the duties of the Secretary of State and of the respective Supervisors of Elections regarding convicted felons who have registered to vote. These three state statutes establish a multi- step voter registration process, as follows:

**STEP 1.** *First, the applicant must register to vote and must provide a statement under oath regarding his or her felony status.* § 97.052(2)(t)3., Fla.Stat. provides that an applicant "who has been convicted of a felony and, if convicted, has had his or her voting rights restored pursuant to s. 4, Art. VI of the State Constitution," must include "the statement '**If I have been convicted of a felony, I affirm my voting rights have been restored pursuant to s. 4, Art. VI of the State Constitution upon the completion of all terms of my sentence, including parole or probation.**' and providing a box for the applicant to check to affirm the statement."

**STEP 2.** *Second, after the applicant registers to vote, the State is responsible to search information "received from, but not limited to, a clerk of the circuit court, the Board of Executive Clemency, the Department of Corrections, the Department of Law Enforcement, or a United States Attorney's Office"*, §§ 97.075(5), Fla.Stat., to determine whether the person is eligible to vote. The Department of State must review the application "regarding whether the person is eligible pursuant to s. 4, Art. VI of the State Constitution…" 98.0751(3)(a), Fla.Stat. Upon review of such information, the State must "make an initial determination as to whether the information is credible and reliable." If the State determines that the information is "credible and reliable," the State then provides its determination and all supporting documentation to the Supervisor of Elections. Plaintiffs do not challenge this process in their Motion for Preliminary Injunction.

**STEP 3.** Finally, after the State has made its determination that there is "credible and reliable" information that the registered voter is not eligible to vote pursuant to s. 4, Art. VI of the State Constitution, the Supervisor of Elections "shall verify and make a final determination pursuant to s. 98.075 regarding whether the person who registers to vote is eligible pursuant to s. 4, Art. VI of the State Constitution…" 98.0751(3(b), Fla.Stat. As part of that "final determination," the Supervisor of Elections must follow the "procedures for removal" set forth in §§

97.075(7), Fla.Stat., which requires the Supervisor to provide notice of the Department's information to the registered voter that he or she may be ineligible to vote, providing the Department's information to the registered voter, and giving the registered voter an opportunity for a hearing. Plaintiffs do not challenge this process in their Motion for Preliminary Injunction.

In Plaintiffs' Motion for a Preliminary Injunction, Plaintiffs only challenge STEP 1. above (governing the voter registration application form), plus the portion of § 97.0751, Fla.Stat. which requires the "completion of all terms of his or her sentence." Plaintiffs do not challenge the statutes or portions of statutes (described in STEP 3. above) which govern the Supervisors of Elections.

Plaintiffs cannot meet their burden to establish the existence of "a causal connection between [Plaintiffs'] injury and the conduct complained of such that [Plaintiffs'] injury is fairly traceable to [the Hillsborough SOE's] actions," Lujan, 504 U.S. at 560, For this reason, Plaintiffs lack standing to request injunctive relief against the Hillsborough SOE, and consequently Plaintiffs' Motion for Preliminary Injunction should be denied.

WHEREFORE, because Plaintiffs lack standing to seek injunctive relief, as pled, against the Hillsborough SOE, Plaintiffs' Motion for Preliminary Injunction should be denied as to the Hillsborough SOE.

**/s/ Stephen M. Todd**
Stephen M. Todd, Esquire
Sr. Assistant County Attorney
Florida Bar No. 0886203
Office of the County Attorney
Post Office Box 1110
Tampa, Florida 33601-1110
(813) 272-5670 – Fax: (813) 272-5758
Attorney for Defendant, Craig Latimer as Supervisor of Elections for Hillsborough County
Service Emails:
ToddS@hillsboroughcounty.org
MatthewsL@hillsboroughcounty.org
ConnorsA@hillsboroughcounty.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2019, the foregoing document was electronically submitted to the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all Parties/Counsel of Record.

**/s/ Stephen M. Todd**
Stephen M. Todd, Esquire