UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KELVIN LEON JONES, *et al.*,

    *Plaintiffs*,

v.

RON DESANTIS, *et al.*,

    *Defendants*.

_____/

Case No. 4:19-cv-300-MW-MJF
(Lead Case)

## GOVERNOR AND SECRETARY OF STATE'S MOTION FOR STAY PENDING RENDITION OF FLORIDA SUPREME COURT ADVISORY OPINION

The Governor and Secretary of State ("State Defendants") ask this Court for a stay pending the Florida Supreme Court's rendition of an advisory opinion as to the meaning of the phrase "completion of all terms of sentence" in Article VI, section 4(a) of the Florida Constitution, pursuant to Federal Rule of Civil Procedure 60(b), as the opinion would be instructive on a question of state law interpretation that has practical implications on the challenges raised in these actions.

### MEMORANDUM OF LAW

**I.   Background**

On August 9, 2019, the Governor requested, under Article IV, section 1(c) of the Florida Constitution, that the Florida Supreme Court provide an advisory opinion on the meaning of the phrase "completion of all terms of sentence," as its

interpretation affects the Governor's executive powers and duties. On August 29, 2019, the Florida Supreme Court issued an order exercising the Court's discretion to provide the Governor with an advisory opinion in response to his request. A copy of the Governor's request and the Florida Supreme Court's order accepting jurisdiction is provided as **Composite Exhibit "A."** The Florida Supreme Court's Order provides all interested parties shall file initial briefs on or before Wednesday, September 18, 2019, and oral argument will be held at 9:00 a.m. on Wednesday, November 6, 2019.

## II.  Legal Argument

A district court has the inherent discretionary authority to stay proceedings before it for reasons such as judicial economy. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Discretion should be exercised here because this Court will have the benefit of the Florida Supreme Court's view of the meaning of the phrase "completion of all terms of sentence" under Florida's Constitution.

In filing this motion for stay, the State Defendants are not abandoning the motion to dismiss filed on August 2, 2019 (ECF No. 97). Indeed, the Florida Supreme Court's order further supports the redressability and abstention arguments

set forth in the motion because the Florida Supreme Court's opinion could resolve (or at least narrow the issues) by determining that the plain language "all terms of sentence" in Article VI, section 4(a) of the Florida Constitution includes legal fines, fees, restitution, and other financial obligations.  *See generally Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976) (granting a federal court discretion to abstain where there are ongoing state court proceeding).

But if this Court decides not to dismiss the case after reviewing the motion to dismiss, the Plaintiff's response filed on August 29, 2019 (ECF No. 121), and the State Defendants' reply to be filed on September 23, 2019, then the State Defendants respectfully request this Court stay this case until 10 days after issuance of the Florida Supreme Court's opinion.

A stay, like dismissal, would promote judicial economy and federal-state comity.  If the Florida Supreme Court agrees that the phrase "all terms of sentence" encompasses financial obligations imposed as part of the sentence—this might well alter the course of the pending federal proceeding, or at the very least, require Plaintiffs to amend their complaints to include a constitutional challenge to Article VI, section 4(a) of the Florida Constitution.   A contrary interpretation might well resolve the Plaintiffs' concerns without addressing the federal constitutional issues.

The Florida Supreme Court's briefing schedule allows all interested parties, including the Plaintiffs in this action, to express their views and be heard at oral

argument, which the Florida Supreme Court has scheduled for November 6, 2019. As the Florida Supreme Court has ordered that initial briefs are due on September 18, 2019, the Florida Supreme Court is placing this request on an expedited schedule. In the past two decades, the Florida Supreme Court has resolved advisory opinion requests with a median time of 24 days from the date the request was made.[1]

Furthermore, this Court posed a question during the scheduling conference on August 15, 2019, that is at the heart of what the Florida Supreme Court may issue an advisory opinion—if Article VI, section 4(a) of the Florida Constitution includes satisfaction of all legal financial obligations, how does that impact the challenges raised in the federal litigation? This Court requested Plaintiffs and Defendants to address how that interpretation may affect the status of Florida's scheme on felon disenfranchisement, even though Plaintiffs do not challenge Florida's Constitution. This Court need not pose hypothetical questions as to what Florida's Constitution means regarding satisfaction of legal financial obligations because the Florida Supreme Court's advisory opinion will provide clarity and finality on that issue—

---

[1] *Adv. Op. to the Gov.—Judicial Vacancy Due to Resignation*, 42 So. 3d 795 (Fla. 2010) (21 days); *Adv. Op. to the Gov.—Commission of Elected Judge*, 17 So. 3d 265 (Fla. 2009) (29 days); *Adv. Op. to the Gov.—Appointment or Elec. Of Judges*, 983 So. 2d 256 (Fla. 2008) (14 days); *Adv. Op. to the Gov.—Sheriff & Jud. Vacancies Due to Resignation*, 928 So. 2d 1218 (Fla. 2006) (15 days); *Adv. Op. to the Gov.— Appointment or Election of Judges*, 842 So. 2d 132 (Fla. 2002) (40 days).

an issue solely in their jurisdiction. *See Arizona v. Evans*, 514 U.S. 1, 8-9 (1995) (Fundamental that state courts be left free to interpret their state constitutions).

The purpose of this motion for stay is not to unduly delay these proceedings. A fair and quick resolution to the issues raised by the Plaintiffs is in Florida's best interest. Therefore, a stay until after the Florida Supreme Court has issued an advisory opinion, with a ten (10) day opportunity to provide supplemental briefing upon issuance of the opinion, would help inform these proceedings and provide this Court with a ruling on a key issue of state law that goes to the very heart of these cases.

**WHEREFORE**, the Governor and Secretary request that this Court enter a stay until 10 days after issuance of the Florida Supreme Court's advisory opinion on the meaning of the phrase "completion of all terms of sentence," and grant any other relief this Court deems reasonable and just.

Respectfully submitted this 10th day of September, 2019.

*/s/      Nicholas A. Primrose*
JOSEPH W. JACQUOT (FBN 189715)
  *General Counsel*
joe.jacquot@eog.myflorida.com
NICHOLAS A. PRIMROSE (FBN 104804)
  *Deputy General Counsel*
nicholas.primrose@eog.myflorida.com
COLLEN M. ERNST (FBN 112903)
  *Deputy General Counsel*
colleen.ernst@eog.myflorida.com
EXECUTIVE OFFICE OF THE GOVERNOR
400 S. Monroe St., PL-5

BRADLEY R. MCVAY (FBN 79034)
  *General Counsel*
brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
  *Deputy General Counsel*
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536

5

| | |
|---|---|
| Tallahassee, Florida 32399<br>Phone: (850)717-9310<br>Fax: (850) 488-9810<br>***Counsel for Governor Ron DeSantis*** | Fax: (850) 245-6127<br><br>MOHAMMAD O. JAZIL (FBN 72556)<br>mjazil@hgslaw.com<br>GARY V. PERKO (FBN 855898)<br>gperko@hgslaw.com<br>HOPPING GREEN & SAMS, P.A.<br>119 South Monroe Street, Suite 300<br>Tallahassee, Florida 32301<br>Phone: (850) 222-7500<br>Fax: (850) 224-8551<br><br>GEORGE N. MEROS, JR. (FBN 263321) George.meros@hklaw.com<br>TARA R. PRICE (FBN 98073)<br>Tara.price@hklaw.com HOLLAND & KNIGHT LLP<br>315 South Calhoun Street, Suite 600<br>Tallahassee, Florida 32301<br>Telephone: (850) 224-7000<br>Facsimile: (850) 224-8832<br><br>***Counsel for the Florida Secretary of State, Laurel M. Lee*** |

\*\*\*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(C), the undersigned counsel conferred with counsel for the Plaintiffs and counsel for the co-Defendants in accordance with Local Rule 7.1(B) by e-mail and is authorized to state that *Gruver, McCoy, Raysor* and *Jones* Plaintiffs oppose this motion, and the Secretary of State and Supervisors of Elections Kim Barton, Michael Bennett, Mike Hogan, Craig Latimer, Leslie

6

Rossway Swan, Ron Turner, and Christina White concur and do not oppose this motion.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

The undersigned certifies that the foregoing complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that the foregoing complies with the word limit in Local Rule 7.1(F); the foregoing contains 1,154 words, excluding the case style, signature block, and certificates.

/s/ Nicholas A. Primrose
Attorney

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on this 10th day of September, 2019.

/s/ Nicholas A. Primrose
Attorney