EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Kelvin Jones, et al.

      Plaintiffs,

v.                                    Consolidated Case No. 4:19-cv-300-RH-CAS

Ron DeSantis, et al.,

      Defendants.

**DECLARATION OF CARLOS J. MARTINEZ IN SUPPORT OF NEITHER PARTY**

Pursuant to 28 U.S.C. § 1746, I, Carlos J. Martinez, declare as follows:

1. I am the Miami-Dade County Public Defender and have served in this position for 10 years. Prior to that I held the position of Chief Assistant Public Defender or Assistant Public Defender for approximately 18 years.

2. In my capacity as Public Defender, I supervise nearly 200 attorneys and we handle tens of thousands criminal cases each year. With more than 2.7 million residents, Miami-Dade County (the 11th Judicial Circuit of Florida) is the largest and busiest of Florida's 20 judicial circuits. We help indigent individuals with their criminal cases and provide them guidance regarding their consequences, including dispositional financial assessments like fines, fees, costs, and restitution.

3. The dispositional financial assessment process lacks uniformity even between judges in the same county. Various assessments are found in different sections of the dispositional documents. In Miami Dade, these documents are typically four pages long. The first page is the order of judgment. The second page typically includes dispositional financial assessments

such as fees. The third page is formally called the "Sentence." It outlines the terms of incarceration or supervision but never includes fees. Sometimes, but rarely this section includes fines and/or restitution. Occasionally, the fourth page is included in the sentence section. Restitution is typically entered as part of the Sentence or as a condition of probation in a separate probation order. Over the years, what is in the dispositional documents have changed over time. Additionally, many cases are very old and their documents are stored in microfilm. These variations make it extremely difficult for an attorney, much less an individual with a felony conviction to understand which financial assessments are part of the sentence for purposes of SB 7066.

4. In my time as Public Defender for Miami Dade County, I have also worked in conjunction with public defenders offices in other counties and become familiar with processes in other counties. Different counties use different documents in their sentencing orders, and the contents of the orders vary depending on local practice.

5. While every felony case that resulted in a conviction includes a court order, not every county makes these documents publicly available online. In Miami Dade, these documents are only online for cases after 2017. This means that an individual who no longer has her sentencing documents may not be able to determine whether financial assessments are part of her sentence under SB 7066, even if she had the legal expertise to know where to look in the documents. Moreover, if that person were receiving assistance from a canvasser, organizer, or attorney, those records would not be available on the spot. Those records would have to be ordered from the Clerk of the Court, and depending on the age of the case, retrieved from a records center or from microfilm.

6. When a person is on a payment plan for her financial assessments, she generally does not have control over which parts of her assessments those payments go towards first. That means that she may be or have been paying off assessments that would not impact the right to vote under SB 7066. For example, payments may be going towards late fees or court costs that are not a part of the disqualifying debt under SB 7066.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 18, 2019 in Miami, Florida.

_Carlos Martinez_