UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KELVIN LEON JONES, et al.,

    *Plaintiffs,*

v.

RON DESANTIS, in his official capacity as Governor of Florida, et al.,

    *Defendants.*

Consolidated Case
No. 4:19-cv-300-RH-MJF

**MOTION OF FLORIDA RIGHTS RESTORATION COALITION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF NEITHER PARTY WITH RESPECT TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

    The Florida Rights Restoration Coalition ("FRRC") respectfully moves for leave to file the attached brief as *amicus curiae* with respect to the preliminary injunction motion (ECF 108) before this Court pursuant to Northern District of Florida General Rule 7.1. *See* Exhibit A.

    FRRC played a critical role in the passage and implementation of Amendment 4 and is currently using several provisions established in SB 7066 to help re-enfranchise Floridians with convictions. As the leading grassroots membership organization run by returning citizens in Florida, FRRC has a unique

1

interest in this case, and FRRC's submission seeks to provide this Court with important information to consider regarding what relief may be appropriate.

## I.  THIS COURT HAS BROAD AUTHORITY TO ACCEPT *AMICUS* BRIEFS.

This Court has "broad discretion and the inherent authority to allow amici to participate." *Fla. by & through McCollum v. U.S. Dep't of Health & Human Servs.*, No. 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010) (hereinafter *McCollum*). "An amicus brief should normally be allowed" when (1) "a party is not competently represented," (2) "the amicus has an interest in some other case that may be affected by . . . the present case," or (3) "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* at *1-2 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *see also Brenner v. Scott*, 298 F.R.D. 689, 692 (N.D. Fla. 2014) (granting third party the right to file "a memorandum as amicus curiae on any motion"); *United States v. Florida*, No. 4:12CV285-RH/CAS, 2012 WL 13034013, at *3 (N.D. Fla. Nov. 6, 2012) (suggesting third party that had filed a motion to intervene should submit memoranda as an amicus curiae). FRRC's proposed participation in this case falls into the third category, as the organization has "unique information" and a perspective that is represented by neither Plaintiffs nor Defendants in the present action.

## II. FRRC HAS A UNIQUE PERSPECTIVE, NOT REPRESENTED BY THE PARTIES TO THE PRESENT ACTION, THAT CAN HELP THE COURT AND THAT JUSTIFIES ITS PARTICIPATION AS *AMICUS CURIAE*.

FRRC is a grassroots, nonpartisan, nonprofit organization led by and for formerly incarcerated individuals. No such group is a party to this action.

For almost a decade, FRRC has led efforts to restore the voting rights of returning citizens with felony convictions in Florida. FRRC played a critical role in the passage of Amendment 4 and advocated during the Spring 2019 legislative session to ensure SB 7066 would provide a gateway for formerly incarcerated persons to access the ballot. Since SB 7066 was enacted, FRRC has been working with local government officials, attorneys, and impacted communities to help those with conviction histories regain their right to vote. Using certain provisions established by SB 7066, and codified in Section 98.0751(2)(a) of the Florida Statutes, FRRC has engaged in concerted efforts to help its members and other returning citizens receive clarification on whether their "terms of sentence" have been completed, as well as seek modification of their legal financial obligations for rights restoration purposes. This past and ongoing work provides FRRC with a unique "perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *McCollum*, 2010 WL 11570635, at *1-2 (quoting *Ryan*, 125 F.3d at 1063).

This Court's interpretation of SB 7066 and any relief it issues pursuant to Plaintiffs' claims will impact whether FRRC can continue to help formerly incarcerated persons regain their voting rights. Retaining SB 7066's modification provision, *see* Fla. Stat. § 98.0751(2)(a)(5)(e) (providing that a court may convert a financial obligation to community service or, with payee permission, terminate it entirely, or remove legal financial obligations from the sentencing document), as well as its provision limiting "terms of sentence" to those "contained in the four corners of the sentencing document," *id.* § 98.0751(2)(a) ("four-corners provision"), are key to these efforts. In the attached proposed brief, FRRC explains why this Court should not enjoin the modification provision or the four-corners provision, and why leaving these provisions in place will not interfere with this Court's ability to grant Plaintiffs any relief that may be appropriate. No party has specifically laid out how this Court should treat the modification provision or four-corners provision when considering the Plaintiffs' request for relief. FRRC's *amicus* brief would fill this void.

Further, this Court has asked for briefing on what should be done if Amendment 4 itself is unconstitutional for the same reasons that Plaintiffs argue SB 7066 must be enjoined. Amendment 4 marked a clear and hard-won victory fought by FRRC and its members, giving the organization unique perspective on this issue. In the attached brief, FRRC submits that Amendment 4 should stand. No

4

party in this action actually asserts that Amendment 4 is unconstitutional. Furthermore, FRRC proposes to explain, under no circumstances would the proper remedy be to invalidate Amendment 4 and return to the legal regime that prevailed prior to November 2018. Doing so would undermine the will of a supermajority of Florida voters.

In short, FRRC's *amicus* brief seeks to help provide this Court with "a complete and plenary presentation of difficult issues so that [it] may reach a proper decision." *McCollum*, 2010 WL 11570635, at *1 (quoting *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991)).

WHEREFORE, leave to file the attached *amicus curiae* brief should be granted. A proposed order is attached to this motion. *See* Exhibit B.

Dated: September 27, 2019                    Respectfully submitted,

| | |
|---|---|
| DARYL V. ATKINSON | /s/ Chiraag Bains |
| *(pro hac vice motion forthcoming)* | CHIRAAG BAINS |
| WHITLEY CARPENTER | Massachusetts Bar No. 673627 |
| *(pro hac vice motion forthcoming)* | *(pro hac vice motion forthcoming)* |
| FORWARD JUSTICE | DĒMOS |
| 400 W. Main Street, Suite 203 | 740 6th Street NW, 2nd Floor |
| Durham, NC 27701 | Washington, DC 20001 |
| 919-323-3889 | 202-864-2746 |
| daryl@forwardjustice.org | cbains@demos.org |
| wcarpenter@forwardjustice.org | |

/s/ Dante P. Trevisani
DANTE P. TREVISANI
*Local Counsel*
Florida Bar No. 72912
FLORIDA JUSTICE INSTITUTE, INC.
100 S.E. 2nd Street, Suite 3750
Miami, FL 33131
305-358-2081
dtrevisani@floridajusticeinstitute.org

NAILA S. AWAN
*(pro hac vice motion forthcoming)*
EMERSON GORDON-MARVIN*
DĒMOS
80 Broad St, 4th Floor
New York, NY 10004
212-485-6065
nawan@demos.org


*Counsel for Amicus Curiae*

_____

* Legal Fellow on the Brief, not yet admitted to practice law.

6

## CERTIFICATE OF CONFERENCE

I hereby certify pursuant to Northern District of Florida General Rule 7.1 that I contacted counsel for all parties in the case by September 18, 2019 to seek their position on this motion. Counsel for the *Gruver*, *McCoy*, and *Raysor* Plaintiffs consented to the filing of this brief. Counsel for the Supervisors of Elections in Alachua County and Orange County indicated that they do not object to the filing, and counsel for the Supervisors of Elections in Hillsborough and Leon Counties took "no position" with respect to the filing. On September 26, 2019, counsel for the Secretary of State objected to the filing of this brief as untimely and unnecessary. Counsel for Plaintiffs Jones and Mendez and counsel for the remaining Defendants—the Broward, Duval, Indian River, Miami-Dade, and Sarasota County Supervisors, as well as the Governor—have not replied as of the filing of this motion.

*/s/ Chiraag Bains*
Counsel for Amicus

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I hereby certify that the forgoing complies with Local Rule 7.1(F) in that it contains fewer than 8,000 words. This motion contains 951 words.

*/s/ Chiraag Bains*
Counsel for Amicus

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Dante P. Trevisani*
Local Counsel for Amicus
