CHAPTER 2019-162

Committee Substitute for Senate Bill No. 7066

An act relating to election administration; amending s. 97.012, F.S.; requiring the Secretary of State to provide signature matching training to certain persons; amending s. 97.021, F.S.; revising the definition of the term "voter interface device"; amending s. 98.077, F.S.; revising deadlines for voter signature updates for purposes of vote-by-mail and provisional ballots; providing an exception; amending s. 98.0981, F.S.; revising the voter threshold necessary to require the reporting of certain precinct-level results by ballot; amending s. 99.063, F.S.; removing a provision requiring certain language to follow the name of gubernatorial candidates in specified circumstances; amending s. 100.061, F.S.; revising the date of the primary election; amending s. 101.015, F.S.; requiring the Department of State to establish minimum security standards to address chain of custody of ballots, transport of ballots, and ballot security; amending s. 101.048, F.S.; requiring a county canvassing board to review certain information; providing requirements for the canvassing and counting of provisional ballots; requiring the supervisor of elections to process a valid provisional ballot cure affidavit as a voter signature update; revising the Provisional Ballot Voter's Certificate and Affirmation form; providing a process to cure a provisional ballot with a signature deficiency; requiring a supervisor to mail a voter registration application to an elector in certain circumstances; amending s. 101.151, F.S.; revising requirements for department rules governing ballot design; amending s. 101.657, F.S.; requiring sufficient nonpermitting parking for voters at certain early voting locations; amending s. 102.031, F.S.; conforming a provision to changes made by the act; prohibiting the owners or operators of a location on which a polling place or early voting site is located from restricting solicitation in certain areas; amending s. 101.20, F.S.; authorizing the distribution of sample ballots by e-mail or mail in lieu of newspaper publication; amending s. 101.56075, F.S.; authorizing voting to be conducted using a voter interface device that produces a voter-verifiable paper output; amending s. 101.5614, F.S.; authorizing certain individuals to serve as witnesses during the ballot duplication process; requiring a supervisor to report the total number of vote-by-mail ballots received at each early voting location; amending s. 101.68, F.S.; revising the date that canvassing of vote-by-mail ballots may begin; revising requirements related to the canvassing and counting of vote-by-mail ballots; revising the deadline by which vote-by-mail ballot cure affidavits must be

1

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.



submitted; requiring the supervisor to process a valid vote-by-mail ballot cure affidavit as a voter signature update; amending s. 101.69, F.S.; requiring a supervisor to provide secure drop boxes in specified locations for an elector to place his or her vote-by-mail ballot; authorizing placement of secure drop boxes at additional locations, subject to specified limitations; amending ss. 97.052 and 97.053, F.S.; revising requirements for the uniform statewide voter registration application to modify statements an applicant must affirm; revising terminology regarding voting rights restoration to conform to the State Constitution; amending s. 98.045, F.S.; revising terminology regarding voting rights restoration to conform to the State Constitution; amending s. 98.075, F.S.; revising terminology regarding voting rights restoration to conform to the State Constitution; requiring the supervisor of elections of the county in which an ineligible voter is registered to notify the voter of instructions for seeking restoration of voting rights pursuant to s. 4, Art. VI of the State Constitution, in addition to restoration of civil rights pursuant to s. 8, Art. IV of the State Constitution; requiring a notice of a registered voter's potential ineligibility to include specified information; creating s. 98.0751, F.S.; requiring the voting disqualification of certain felons to be removed and voting rights restored pursuant to s. 4, Art. VI of the State Constitution; providing that the voting disqualification arising from specified factors is not removed unless a person's civil rights are restored through the clemency process pursuant to s. 8, Art. IV of the State Constitution; providing definitions; requiring the Department of State to review information and make an initial determination regarding certain credible and reliable information; requiring the department to forward specified information to supervisors of elections; requiring the supervisor of elections to make a final determination of whether a person who has been convicted of a felony offense is eligible to register to vote, including if he or she has completed all the terms of his or her sentence; authorizing the department to assist the supervisor of elections with such final determination, if necessary; requiring specified provisions to be construed in favor of a voter registrant; amending s. 104.011, F.S.; prohibiting a person from being charged or convicted for violations regarding false swearing or submitting false voter registration information under certain conditions; amending s. 940.061, F.S.; requiring the Department of Corrections to inform inmates and offenders of voting rights restoration pursuant to s. 4, Art. VI of the State Constitution, in addition to executive clemency and civil rights restoration; amending s. 944.292, F.S.; conforming a provision regarding the suspension of civil rights; amending s. 944.705, F.S.; requiring the Department of Corrections to include notification of all outstanding terms of sentence in an inmate's release documents; providing an exception to the notification requirement for inmates who are released to any type of supervision monitored by the department; amending s. 947.24, F.S.; requiring the Florida Commission on Offender Review, upon the termination of an offender's term of parole, control release, or conditional release, to provide written notification to the offender of all outstanding terms of sentence; creating s. 948.041, F.S.; requiring the department, upon the termination of an offender's term of

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

probation or community control, to provide written notification to the offender of all outstanding terms of sentence; amending s. 951.29, F.S.; requiring each county detention facility to provide information on the restoration of voting rights pursuant to s. 4, Art. VI of the State Constitution to certain prisoners; requiring each county detention facility to provide written notification to certain prisoners of all outstanding terms of sentence upon release; creating the Restoration of Voting Rights Work Group within the Department of State; specifying membership of the work group; establishing the manner of appointments and the terms of membership; prescribing the duties of the work group; requiring the work group to submit a report to the Legislature by a specified date; providing for staffing; authorizing reimbursement for per diem and travel expenses; providing for expiration of the work group; amending s. 101.6923, F.S.; revising vote-by-mail ballot instructions for certain first-time voters; amending s. 102.031, F.S.; expanding the area in which voter solicitation is prohibited; authorizing an elector to photograph his or her own ballot; amending s. 102.141, F.S.; providing notice requirements for meetings of a county canvassing board; requiring certain individuals to wear identification badges during certain periods; amending s. 102.166, F.S.; modifying certification requirements for voting systems to require the functionality to simultaneously sort and count ballot overvotes and undervotes; revising requirements for department rules regarding manual recounts of certain ballots; amending s. 102.168, F.S.; modifying provisions governing election contests to authorize judicial review of additional information related to determining validity of provisional and vote-by-mail ballot signatures to conform to changes made by the act; amending s. 104.051, F.S.; providing a penalty for certain supervisors who willfully violate the Florida Election Code; providing effective dates.

Be It Enacted by the Legislature of the State of Florida:

Section 1.  Subsection (17) is added to section 97.012, Florida Statutes, to read:

97.012  Secretary of State as chief election officer.—The Secretary of State is the chief election officer of the state, and it is his or her responsibility to:

(17)  Provide formal signature matching training to supervisors of elections and county canvassing board members.

Section 2.  Effective January 1, 2020, subsection (41) of section 97.021, Florida Statutes, is amended to read:

97.021  Definitions.—For the purposes of this code, except where the context clearly indicates otherwise, the term:

(41)  "Voter interface device" means any device that communicates voting instructions and ballot information to a voter and allows the voter to select and vote for candidates and issues. A voter interface device may not

3

be used to tabulate votes. Any vote tabulation must be based upon a subsequent scan of the marked marksense ballot or the voter-verifiable paper output after the voter interface device process has been completed.

Section 3.   Subsection (4) of section 98.077, Florida Statutes, is amended to read:

98.077   Update of voter signature.—

(4)   Except as authorized in ss. 101.048 and 101.68:

(a)   All signature updates for use in verifying vote-by-mail and provisional ballots must be received by the appropriate supervisor before the elector's ballot is received by the supervisor or, in the case of provisional ballots, before the elector's ballot is cast ~~of elections no later than the start of the canvassing of vote-by-mail ballots by the canvassing board~~.

(b)   The signature on file at the time the vote-by-mail ballot is received or at the time the provisional ballot is cast ~~start of the canvass of the vote-by-mail ballots~~ is the signature that shall be used in verifying the signature on the vote-by-mail and provisional ballot certificates, respectively.

Section 4.   Paragraph (a) of subsection (2) of section 98.0981, Florida Statutes, is amended to read:

98.0981   Reports; voting history; statewide voter registration system information; precinct-level election results; book closing statistics.—

(2)   PRECINCT-LEVEL ELECTION RESULTS.—

(a)   Within 30 days after certification by the Elections Canvassing Commission of a presidential preference primary election, special election, primary election, or general election, the supervisors of elections shall collect and submit to the department precinct-level election results for the election in a uniform electronic format specified by paragraph (c). The precinct-level election results shall be compiled separately for the primary or special primary election that preceded the general or special general election, respectively. The results shall specifically include for each precinct the total of all ballots cast for each candidate or nominee to fill a national, state, county, or district office or proposed constitutional amendment, with subtotals for each candidate and ballot type, unless fewer than 30 ~~10~~ voters voted a ballot type. "All ballots cast" means ballots cast by voters who cast a ballot whether at a precinct location, by vote-by-mail ballot including overseas vote-by-mail ballots, during the early voting period, or by provisional ballot.

Section 5.   Subsection (4) of section 99.063, Florida Statutes, is amended to read:

99.063   Candidates for Governor and Lieutenant Governor.—

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

(4)   In order to have the name of the candidate for Lieutenant Governor printed on the primary election ballot, a candidate for Governor participating in the primary must designate the candidate for Lieutenant Governor, and the designated candidate must qualify no later than the end of the qualifying period specified in s. 99.061. ~~If the candidate for Lieutenant Governor has not been designated and has not qualified by the end of the qualifying period specified in s. 99.061, the phrase "Not Yet Designated" must be included in lieu of the candidate's name on the primary election ballot.~~

Section 6.   Section 100.061, Florida Statutes, is amended to read:

100.061   Primary election.—In each year in which a general election is held, a primary election for nomination of candidates of political parties shall be held on the Tuesday <u>11</u> ~~10~~ weeks prior to the general election. The candidate receiving the highest number of votes cast in each contest in the primary election shall be declared nominated for such office. If two or more candidates receive an equal and highest number of votes for the same office, such candidates shall draw lots to determine which candidate is nominated.

Section 7.   Subsection (4) of section 101.015, Florida Statutes, is amended to read:

101.015   Standards for voting systems.—

(4)(a)   The Department of State shall adopt rules establishing minimum security standards for voting systems. <u>The standards, at a minimum, must address the following:</u>

<u>1.   Chain of custody of ballots, including a detailed description of procedures to create a complete written record of the chain of custody of ballots and paper outputs beginning with their receipt from a printer or manufacturer until such time as they are destroyed.</u>

<u>2.   Transport of ballots, including a description of the method and equipment used and a detailed list of the names of all individuals involved in such transport.</u>

<u>3.   Ballot security, including a requirement that all ballots be kept in a locked room in the supervisor's office, a facility controlled by the supervisor or county canvassing board, or a public place in which the county canvassing board is canvassing votes until needed for canvassing and returned thereafter.</u>

(b)<u>1.</u>   Each supervisor ~~of elections~~ shall establish written procedures to assure accuracy and security in his or her county, including procedures related to early voting pursuant to s. 101.657. Such procedures shall be reviewed in each odd-numbered year by the department ~~of State~~.

<u>2.</u>~~(c)~~   Each supervisor ~~of elections~~ shall submit any revisions to the security procedures to the department ~~of State~~ at least 45 days before early

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

voting commences pursuant to s. 101.657 in an election in which they are to take effect.

Section 8.   Present subsection (6) of section 101.048, Florida Statutes, is renumbered as subsection (7), subsections (2), (3), and (5) and present subsection (6) of that section are amended, and a new subsection (6) is added to that section, to read:

101.048   Provisional ballots.—

(2)(a)   The county canvassing board shall examine each Provisional Ballot Voter's Certificate and Affirmation to determine if the person voting that ballot was entitled to vote at the precinct where the person cast a vote in the election and that the person had not already cast a ballot in the election. In determining whether a person casting a provisional ballot is entitled to vote, the county canvassing board shall review the information provided in the Voter's Certificate and Affirmation, written evidence provided by the person pursuant to subsection (1), information provided in any cure affidavit and accompanying supporting documentation pursuant to subsection (6), any other evidence presented by the supervisor of elections, and, in the case of a challenge, any evidence presented by the challenger. A ballot of a person casting a provisional ballot shall be canvassed pursuant to paragraph (b) counted unless the canvassing board determines by a preponderance of the evidence that the person was not entitled to vote.

(b)1.   If it is determined that the person was registered and entitled to vote at the precinct where the person cast a vote in the election, the canvassing board must shall compare the signature on the Provisional Ballot Voter's Certificate and Affirmation or the provisional ballot cure affidavit with the signature on the voter's registration or precinct register and, if it matches, shall count the ballot. A provisional ballot may be counted only if:

1.   The signature on the voter's certificate or the cure affidavit matches the elector's signature in the registration books or the precinct register; however, in the case of a cure affidavit, the supporting identification listed in subsection (6) must also confirm the identity of the elector; or

2.   The cure affidavit contains a signature that does not match the elector's signature in the registration books or the precinct register, but the elector has submitted a current and valid Tier 1 form of identification confirming his or her identity pursuant to subsection (6).

For purposes of this paragraph, any canvassing board finding that signatures do not match must be by majority vote and beyond a reasonable doubt.

2.   If it is determined that the person voting the provisional ballot was not registered or entitled to vote at the precinct where the person cast a vote in the election, the

CODING: Words stricken are deletions; words underlined are additions.

(c)   Any provisional ballot shall not be counted must and the ballot shall remain in the envelope containing the Provisional Ballot Voter's Certificate and Affirmation and the envelope shall be marked "Rejected as Illegal."

(d)   If a provisional ballot is validated following the submission of a cure affidavit, the supervisor must make a copy of the affidavit, affix it to a voter registration application, and immediately process it as a valid request for a signature update pursuant to s. 98.077.

(3)   The Provisional Ballot Voter's Certificate and Affirmation shall be in substantially the following form:

STATE OF FLORIDA

COUNTY OF ......

I do solemnly swear (or affirm) that my name is ......; that my date of birth is ......; that I am registered and qualified to vote in ...... County, Florida; that I am registered in the ...... Party; that I am a qualified voter of the county; and that I have not voted in this election. I understand that if I commit any fraud in connection with voting, vote a fraudulent ballot, or vote more than once in an election, I can be convicted of a felony of the third degree and fined up to $5,000 and/or imprisoned for up to 5 years. Further, by providing my information below, I authorize the use of e-mail, text message, and telephone call for the limited purpose of signature and ballot validation.

...(Printed Name of Voter)...

...(Signature of Voter)...

...(Current Residence Address)...

...(Current Mailing Address)...

...(City, State, Zip Code)...

...(Driver License Number or Last Four Digits of Social Security Number)...

...(E-Mail Address)...

...(Home Telephone Number)...

...(Mobile Telephone Number)...

Sworn to and subscribed before me this ...... day of ............, ...(year)....

...(Election Official)...

Precinct # ......                              Ballot Style/Party Issued: ......

CODING: Words stricken are deletions; words underlined are additions.

(5) Each person casting a provisional ballot shall be given written instructions regarding the person's right to provide the supervisor ~~of elections~~ with written evidence of his or her eligibility to vote and regarding the free access system established pursuant to subsection <u>(7)</u> ~~(6)~~. The instructions <u>must</u> ~~shall~~ contain <u>the supervisor's contact information along with</u> information on how to access the system and the information the voter will need to provide to obtain information on his or her particular ballot. The instructions shall also include the following statement: "If this is a primary election, you should contact the supervisor of elections' office immediately to confirm that you are registered and can vote in the general election."

<u>(6)(a)   As soon as practicable, the supervisor shall, on behalf of the county canvassing board, attempt to notify an elector who has submitted a provisional ballot that does not include the elector's signature or contains a signature that does not match the elector's signature in the registration books or precinct register by:</u>

<u>1.   Notifying the elector of the signature deficiency by e-mail and directing the elector to the cure affidavit and instructions on the supervisor's website;</u>

<u>2.   Notifying the elector of the signature deficiency by text message and directing the elector to the cure affidavit and instructions on the supervisor's website; or</u>

<u>3.   Notifying the elector of the signature deficiency by telephone and directing the elector to the cure affidavit and instructions on the supervisor's website.</u>

<u>In addition to the notification required under subparagraph 1., subparagraph 2., or subparagraph 3., the supervisor must notify the elector of the signature deficiency by first-class mail and direct the elector to the cure affidavit and instructions on the supervisor's website. Beginning the day before the election, the supervisor is not required to provide notice of the signature deficiency by first-class mail, but shall continue to provide notice as required in subparagraph 1., subparagraph 2., or subparagraph 3.</u>

<u>(b)   Until 5 p.m. on the 2nd day after an election, the supervisor shall allow an elector who has submitted a provisional ballot with a signature deficiency to complete and submit a cure affidavit.</u>

<u>(c)   The elector must complete a cure affidavit in substantially the following form:</u>

<u>PROVISIONAL BALLOT CURE AFFIDAVIT</u>

<u>I, ......, am a qualified voter in this election and a registered voter of ...... County, Florida. I do solemnly swear or affirm that I voted a provisional ballot and that I have not and will not vote more than one ballot in this</u>

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

Ch. 2019-162 **LAWS OF FLORIDA** Ch. 2019-162

election. I understand that if I commit or attempt any fraud in connection with voting, vote a fraudulent ballot, or vote more than once in an election, I may be convicted of a felony of the third degree, fined up to $5,000, and imprisoned for up to 5 years. I understand that my failure to sign this affidavit will invalidate my ballot.

...(Voter's Signature)...

...(Address)...

(d)   Instructions must accompany the cure affidavit in substantially the following form:

READ THESE INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE AFFIDAVIT. FAILURE TO FOLLOW THESE INSTRUCTIONS MAY CAUSE YOUR BALLOT NOT TO COUNT.

1.   In order to cure the missing signature or the signature discrepancy on your Provisional Ballot Voter's Certificate and Affirmation, your affidavit should be completed and returned as soon as possible so that it can reach the supervisor of elections of the county in which your precinct is located no later than 5 p.m. on the 2nd day after the election.

2.   You must sign your name on the line above (Voter's Signature).

3.   You must make a copy of one of the following forms of identification:

a.   Tier 1 identification.—Current and valid identification that includes your name and photograph: Florida driver license; Florida identification card issued by the Department of Highway Safety and Motor Vehicles; United States passport; debit or credit card; military identification; student identification; retirement center identification; neighborhood association identification; public assistance identification; veteran health identification card issued by the United States Department of Veterans Affairs; Florida license to carry a concealed weapon or firearm; or employee identification card issued by any branch, department, agency, or entity of the Federal Government, the state, a county, or a municipality; or

b.   Tier 2 identification.—ONLY IF YOU DO NOT HAVE A TIER 1 FORM OF IDENTIFICATION, identification that shows your name and current residence address: current utility bill; bank statement; government check; paycheck; or government document (excluding voter information card).

4.   Place the envelope bearing the affidavit into a mailing envelope addressed to the supervisor. Insert a copy of your identification in the mailing envelope. Mail (if time permits), deliver, or have delivered the

9

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

completed affidavit along with the copy of your identification to your county supervisor of elections. Be sure there is sufficient postage if mailed and that the supervisor's address is correct. Remember, your information MUST reach your county supervisor of elections no later than 5 p.m. on the 2nd day following the election or your ballot will not count.

5. Alternatively, you may fax or e-mail your completed affidavit and a copy of your identification to the supervisor of elections. If e-mailing, please provide these documents as attachments.

6. Submitting a provisional ballot affidavit does not establish your eligibility to vote in this election or guarantee that your ballot will be counted. The county canvassing board determines your eligibility to vote through information provided on the Provisional Ballot Voter's Certificate and Affirmation, written evidence provided by you, including information in your cure affidavit along with any supporting identification, and any other evidence presented by the supervisor of elections or a challenger. You may still be required to present additional written evidence to support your eligibility to vote.

(e) The department and each supervisor shall include the affidavit and instructions on their respective websites. The supervisor shall include his or her office mailing address, e-mail address, and fax number on the page containing the affidavit instructions, and the department's instruction page shall include the office mailing addresses, e-mail addresses, and fax numbers of all supervisors or provide a conspicuous link to such addresses.

(f) The supervisor shall attach each affidavit received to the appropriate provisional ballot envelope containing the Provisional Ballot Voter's Certificate and Affirmation.

(7)(a)(6) Each supervisor of elections shall establish a free access system that allows each person who casts a provisional ballot to determine whether his or her provisional ballot was counted in the final canvass of votes and, if not, the reasons why. Information regarding provisional ballots shall be available no later than 30 days following the election. The system established must restrict information regarding an individual ballot to the person who cast the ballot.

(b) Unless processed as a signature update pursuant to subsection (2), the supervisor shall mail a voter registration application to the elector to be completed indicating the elector's current signature if the signature on the voter's certificate or cure affidavit did not match the elector's signature in the registration books or precinct register.

Section 9.   Paragraph (b) of subsection (1) and subsection (9) of section 101.151, Florida Statutes, are amended to read:

101.151   Specifications for ballots.—

(1)

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(b)  Polling places and early voting sites may employ a ballot-on-demand production system to print individual marksense ballots, including provisional ballots, for eligible electors pursuant to s. 101.657. Ballot-on-demand technology may be used to produce marksense vote-by-mail and election-day ballots.

(9)(a)  The Department of State shall adopt rules prescribing a uniform primary and general election ballot for each certified voting system. The rules shall incorporate the requirements set forth in this section and shall prescribe additional matters and forms that include, without limitation:

1.  The ballot title followed by clear and unambiguous ballot instructions and directions limited to a single location on the ballot, either:

a.  Centered across the top of the ballot; or

b.  In the leftmost column, with no individual races in that column unless it is the only column on the ballot;

2.  Individual race layout; and

3.  Overall ballot layout; and

4.  Oval vote targets as the only permissible type of vote target, except as provided in s. 101.56075.

(b)  The department rules must shall graphically depict a sample uniform primary and general election ballot form for each certified voting system.

Section 10.  Paragraph (a) of subsection (1) of section 101.657, Florida Statutes, is amended to read:

101.657  Early voting.—

(1)(a)  As a convenience to the voter, the supervisor of elections shall allow an elector to vote early in the main or branch office of the supervisor. The supervisor shall mark, code, indicate on, or otherwise track the voter's precinct for each early voted ballot. In order for a branch office to be used for early voting, it shall be a permanent facility of the supervisor and shall have been designated and used as such for at least 1 year prior to the election. The supervisor may also designate any city hall, permanent public library facility, fairground, civic center, courthouse, county commission building, stadium, convention center, government-owned senior center, or government-owned community center as early voting sites; however, if so designated, the sites must be geographically located so as to provide all voters in the county an equal opportunity to cast a ballot, insofar as is practicable, and must provide sufficient nonpermitted parking to accommodate the anticipated amount of voters. In addition, a supervisor may designate one early voting site per election in an area of the county that does not have any of the eligible early voting locations. Such additional early voting site must be geographically located so as to provide all voters in that

CODING: Words stricken are deletions; words underlined are additions.

area with an equal opportunity to cast a ballot, insofar as is practicable, and must provide sufficient nonpermitted parking to accommodate the anticipated amount of voters. Each county shall, at a minimum, operate the same total number of early voting sites for a general election which the county operated for the 2012 general election. The results or tabulation of votes cast during early voting may not be made before the close of the polls on election day. Results shall be reported by precinct.

Section 11.   Paragraph (c) of subsection (4) of section 102.031, Florida Statutes, is amended, and paragraph (e) is added to that subsection, to read:

102.031   Maintenance of good order at polls; authorities; persons allowed in polling rooms and early voting areas; unlawful solicitation of voters.—

(4)

(c)   Each supervisor of elections shall inform the clerk of the area within which soliciting is unlawful, based on the particular characteristics of that polling place. The supervisor or the clerk may take any reasonable action necessary to ensure order at the polling places, including, but not limited to, having disruptive and unruly persons removed by law enforcement officers from the polling room or place or from the 150-foot 100-foot zone surrounding the polling place.

(e)   The owner, operator, or lessee of the property on which a polling place or an early voting site is located, or an agent or employee thereof, may not prohibit the solicitation of voters outside of the no-solicitation zone during polling hours.

Section 12.   Subsection (2) of section 101.20, Florida Statutes, is amended to read:

101.20   Publication of ballot form; sample ballots.—

(2)(a)   Upon completion of the list of qualified candidates, a sample ballot shall be published by the supervisor of elections in a newspaper of general circulation in the county, before the day of election.

(b)   In lieu of the publication required under paragraph (a), a supervisor may send a sample ballot to each registered elector by e-mail at least 7 days before an election if an e-mail address has been provided and the elector has opted to receive a sample ballot by electronic delivery. If an e-mail address has not been provided, or if the elector has not opted for electronic delivery, a sample ballot may be mailed to each registered elector or to each household in which there is a registered elector at least 7 days before an election.

Section 13.   Effective January 1, 2020, section 101.56075, Florida Statutes, is amended to read:

101.56075   Voting methods.—For the purpose of designating ballot selections,

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

(1) ~~Except as provided in subsection (2),~~ all voting <u>must</u> ~~shall~~ be by marksense ballot<u>, using</u> ~~utilizing~~ a marking device <u>or a voter interface device that produces a voter-verifiable paper output and</u> ~~for the purpose of designating ballot selections.~~

(2) ~~Persons with disabilities may vote on a voter interface device that meets the voting system accessibility requirements for individuals with disabilities pursuant to s. 301 of the federal Help America Vote Act of 2002 and s. 101.56062.~~

(3) ~~By 2020, persons with disabilities shall vote on a voter interface device that~~ meets the voter accessibility requirements for individuals with disabilities under s. 301 of the federal Help America Vote Act of 2002 and s. 101.56062 ~~which are consistent with subsection (1) of this section.~~

Section 14. Paragraph (a) of subsection (4) of section 101.5614, Florida Statutes, is amended to read:

101.5614 Canvass of returns.—

(4)(a) If any vote-by-mail ballot is physically damaged so that it cannot properly be counted by the automatic tabulating equipment, a true duplicate copy shall be made of the damaged ballot in the presence of witnesses and substituted for the damaged ballot. Likewise, a duplicate ballot shall be made of a vote-by-mail ballot containing an overvoted race or a marked vote-by-mail ballot in which every race is undervoted which shall include all valid votes as determined by the canvassing board based on rules adopted by the division pursuant to s. 102.166(4). <u>Upon request, a physically present candidate, a political party official, a political committee official, or an authorized designee thereof, must be allowed to observe the duplication of ballots.</u> All duplicate ballots shall be clearly labeled "duplicate," bear a serial number which shall be recorded on the defective ballot, and be counted in lieu of the defective ballot. After a ballot has been duplicated, the defective ballot shall be placed in an envelope provided for that purpose, and the duplicate ballot shall be tallied with the other ballots for that precinct.

Section 15. Subsection (2) and paragraphs (b) and (c) of subsection (4) of section 101.62, Florida Statutes, are amended to read:

101.62 Request for vote-by-mail ballots.—

(2) A request for a vote-by-mail ballot to be mailed to a voter must be received no later than 5 p.m. on the <u>10th</u> ~~sixth~~ day before the election by the supervisor ~~of elections~~. The supervisor ~~of elections~~ shall mail vote-by-mail ballots to voters requesting ballots by such deadline no later than <u>8</u> 4 days before the election.

(4)

(b) The supervisor ~~of elections~~ shall mail a vote-by-mail ballot to each absent qualified voter, other than those listed in paragraph (a), who has

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

requested such a ballot, between the 40th 35th and 33rd 28th days before the presidential preference primary election, primary election, and general election. Except as otherwise provided in subsection (2) and after the period described in this paragraph, the supervisor shall mail vote-by-mail ballots within 2 business days after receiving a request for such a ballot.

(c)   The supervisor shall provide a vote-by-mail ballot to each elector by whom a request for that ballot has been made by one of the following means:

1.   By nonforwardable, return-if-undeliverable mail to the elector's current mailing address on file with the supervisor or any other address the elector specifies in the request.

2.   By forwardable mail, e-mail, or facsimile machine transmission to absent uniformed services voters and overseas voters. The absent uniformed services voter or overseas voter may designate in the vote-by-mail ballot request the preferred method of transmission. If the voter does not designate the method of transmission, the vote-by-mail ballot shall be mailed.

3.   By personal delivery before 7 p.m. on election day to the elector, upon presentation of the identification required in s. 101.043.

4.   By delivery to a designee on election day or up to 9 5 days prior to the day of an election. Any elector may designate in writing a person to pick up the ballot for the elector; however, the person designated may not pick up more than two vote-by-mail ballots per election, other than the designee's own ballot, except that additional ballots may be picked up for members of the designee's immediate family. For purposes of this section, "immediate family" means the designee's spouse or the parent, child, grandparent, or sibling of the designee or of the designee's spouse. The designee shall provide to the supervisor the written authorization by the elector and a picture identification of the designee and must complete an affidavit. The designee shall state in the affidavit that the designee is authorized by the elector to pick up that ballot and shall indicate if the elector is a member of the designee's immediate family and, if so, the relationship. The department shall prescribe the form of the affidavit. If the supervisor is satisfied that the designee is authorized to pick up the ballot and that the signature of the elector on the written authorization matches the signature of the elector on file, the supervisor shall give the ballot to that designee for delivery to the elector.

5.   Except as provided in s. 101.655, the supervisor may not deliver a vote-by-mail ballot to an elector or an elector's immediate family member on the day of the election unless there is an emergency, to the extent that the elector will be unable to go to his or her assigned polling place. If a vote-by-mail ballot is delivered, the elector or his or her designee shall execute an affidavit affirming to the facts which allow for delivery of the vote-by-mail ballot. The department shall adopt a rule providing for the form of the affidavit.

CODING: Words stricken are deletions; words underlined are additions.

Section 16.   Subsection (1) of section 101.64, Florida Statutes, is amended, and subsection (5) is added to that section, to read:

101.64   Delivery of vote-by-mail ballots; envelopes; form.—

(1)  The supervisor shall enclose with each vote-by-mail ballot two envelopes: a secrecy envelope, into which the absent elector shall enclose his or her marked ballot; and a mailing envelope, into which the absent elector shall then place the secrecy envelope, which shall be addressed to the supervisor and also bear on the back side a certificate in substantially the following form:

Note: Please Read Instructions Carefully Before

Marking Ballot and Completing Voter's Certificate.

VOTER'S CERTIFICATE

I, ......, do solemnly swear or affirm that I am a qualified and registered voter of ...... County, Florida, and that I have not and will not vote more than one ballot in this election. I understand that if I commit or attempt to commit any fraud in connection with voting, vote a fraudulent ballot, or vote more than once in an election, I can be convicted of a felony of the third degree and fined up to $5,000 and/or imprisoned for up to 5 years. I also understand that failure to sign this certificate will invalidate my ballot.

...(Date)...                                    ...(Voter's Signature)...

...(E-Mail Address)...                 ...(Home Telephone Number)...

                                                 ...(Mobile Telephone Number)...


(5)  The secrecy envelope must include, in bold font, substantially the following message:

IN ORDER FOR YOUR VOTE-BY-MAIL BALLOT TO COUNT, YOUR SUPERVISOR OF ELECTIONS MUST RECEIVE YOUR BALLOT BY 7 P.M. ON ELECTION DAY. IF YOU WAIT TO MAIL YOUR BALLOT, YOUR VOTE MIGHT NOT COUNT. TO PREVENT THIS FROM OCCUR-RING, PLEASE MAIL OR TURN IN YOUR BALLOT AS SOON AS POSSIBLE.

Section 17.   Section 101.65, Florida Statutes, is amended to read:

101.65   Instructions to absent electors.—The supervisor shall enclose with each vote-by-mail ballot separate printed instructions in substantially the following form; however, where the instructions appear in capitalized text, the text of the printed instructions must be in bold font:

15

CODING: Words stricken are deletions; words underlined are additions.

READ THESE INSTRUCTIONS CAREFULLY
BEFORE MARKING BALLOT.

1.  VERY IMPORTANT. In order to ensure that your vote-by-mail ballot will be counted, it should be completed and returned as soon as possible so that it can reach the supervisor of elections of the county in which your precinct is located no later than 7 p.m. on the day of the election. However, if you are an overseas voter casting a ballot in a presidential preference primary or general election, your vote-by-mail ballot must be postmarked or dated no later than the date of the election and received by the supervisor of elections of the county in which you are registered to vote no later than 10 days after the date of the election. <u>Note that the later you return your ballot, the less time you will have to cure any signature deficiencies, which is authorized until 5 p.m. on the 2nd day after the election.</u>

2.  Mark your ballot in secret as instructed on the ballot. You must mark your own ballot unless you are unable to do so because of blindness, disability, or inability to read or write.

3.  Mark only the number of candidates or issue choices for a race as indicated on the ballot. If you are allowed to "Vote for One" candidate and you vote for more than one candidate, your vote in that race will not be counted.

4.  Place your marked ballot in the enclosed secrecy envelope.

5.  Insert the secrecy envelope into the enclosed mailing envelope which is addressed to the supervisor.

6.  Seal the mailing envelope and completely fill out the Voter's Certificate on the back of the mailing envelope.

7.  VERY IMPORTANT. In order for your vote-by-mail ballot to be counted, you must sign your name on the line above (Voter's Signature). A vote-by-mail ballot will be considered illegal and not be counted if the signature on the voter's certificate does not match the signature on record. The signature on file at the <u>time the supervisor of elections in the county in which your precinct is located receives your vote-by-mail ballot</u> ~~start of the canvass of the vote-by-mail ballots~~ is the signature that will be used to verify your signature on the voter's certificate. If you need to update your signature for this election, send your signature update on a voter registration application to your supervisor of elections so that it is received <u>before your vote-by-mail ballot is received</u> ~~no later than the start of the canvassing of vote-by-mail ballots, which occurs no earlier than the 15th day before election day~~.

8.  VERY IMPORTANT. If you are an overseas voter, you must include the date you signed the Voter's Certificate on the line above (Date) or your ballot may not be counted.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

9.   Mail, deliver, or have delivered the completed mailing envelope. Be sure there is sufficient postage if mailed. THE COMPLETED MAILING ENVELOPE CAN BE DELIVERED TO THE OFFICE OF THE SUPERVISOR OF ELECTIONS OF THE COUNTY IN WHICH YOUR PRECINCT IS LOCATED OR DROPPED OFF AT AN AUTHORIZED SECURE DROP BOX, AVAILABLE AT EACH EARLY VOTING LOCATION.

10.   FELONY NOTICE. It is a felony under Florida law to accept any gift, payment, or gratuity in exchange for your vote for a candidate. It is also a felony under Florida law to vote in an election using a false identity or false address, or under any other circumstances making your ballot false or fraudulent.

Section 18.   Subsection (2) of section 101.657, Florida Statutes, is amended to read:

101.657   Early voting.—

(2)   During any early voting period, each supervisor of elections shall make available the total number of voters casting a ballot at each early voting location and the total number of vote-by-mail ballots received under s. 101.69(2) during the previous day. Each supervisor shall prepare an electronic data file listing the individual voters who cast a ballot during the early voting period. This information shall be provided in electronic format as provided by rule adopted by the division. The information shall be updated and made available no later than noon of each day and shall be contemporaneously provided to the division.

Section 19.   Paragraphs (a) and (c) of subsection (2) and subsection (4) of section 101.68, Florida Statutes, are amended to read:

101.68   Canvassing of vote-by-mail ballot.—

(2)(a)   The county canvassing board may begin the canvassing of vote-by-mail ballots at 7 a.m. on the 22nd 15th day before the election, but not later than noon on the day following the election. In addition, for any county using electronic tabulating equipment, the processing of vote-by-mail ballots through such tabulating equipment may begin at 7 a.m. on the 22nd 15th day before the election. However, notwithstanding any such authorization to begin canvassing or otherwise processing vote-by-mail ballots early, no result shall be released until after the closing of the polls in that county on election day. Any supervisor of elections, deputy supervisor of elections, canvassing board member, election board member, or election employee who releases the results of a canvassing or processing of vote-by-mail ballots prior to the closing of the polls in that county on election day commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(c)1.   The canvassing board must, if the supervisor has not already done so, compare the signature of the elector on the voter's certificate or on the

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

vote-by-mail ballot cure affidavit as provided in subsection (4) with the signature of the elector in the registration books or the precinct register to see that the elector is duly registered in the county and to determine the legality of that vote-by-mail ballot. A vote-by-mail ballot may only be counted if:

a.   The signature on the voter's certificate or the cure affidavit matches the elector's signature in the registration books or precinct register; however, in the case of a cure affidavit, the supporting identification listed in subsection (4) must also confirm the identity of the elector; or

b.   The cure affidavit contains a signature that does not match the elector's signature in the registration books or precinct register, but the elector has submitted a current and valid Tier 1 identification pursuant to subsection (4) which confirms the identity of the elector.

For purposes of this subparagraph, any canvassing board finding that an elector's signatures do not match must be by majority vote and beyond a reasonable doubt.

2.   The ballot of an elector who casts a vote-by-mail ballot shall be counted even if the elector dies on or before election day, as long as, before the death of the voter, the ballot was postmarked by the United States Postal Service, date-stamped with a verifiable tracking number by a common carrier, or already in the possession of the supervisor of elections.

3.   A vote-by-mail ballot is not considered illegal if the signature of the elector does not cross the seal of the mailing envelope.

4.   If any elector or candidate present believes that a vote-by-mail ballot is illegal due to a defect apparent on the voter's certificate or the cure affidavit, he or she may, at any time before the ballot is removed from the envelope, file with the canvassing board a protest against the canvass of that ballot, specifying the precinct, the ballot, and the reason he or she believes the ballot to be illegal. A challenge based upon a defect in the voter's certificate or cure affidavit may not be accepted after the ballot has been removed from the mailing envelope.

5.   If the canvassing board determines that a ballot is illegal, a member of the board must, without opening the envelope, mark across the face of the envelope: "rejected as illegal." The cure affidavit, if applicable, the envelope, and the ballot therein shall be preserved in the manner that official ballots are preserved.

(4)(a)   As soon as practicable, the supervisor shall, on behalf of the county canvassing board, attempt to immediately notify an elector who has returned a vote-by-mail ballot that does not include the elector's signature or contains a signature that does not match the elector's signature in the registration books or precinct register by:

18

1.   Notifying the elector of the signature deficiency by e-mail and directing the elector to the cure affidavit and instructions on the supervisor's website;

2.   Notifying the elector of the signature deficiency by text message and directing the elector to the cure affidavit and instructions on the supervisor's website; or

3.   Notifying the elector of the signature deficiency by telephone and directing the elector to the cure affidavit and instructions on the supervisor's website.

In addition to the notification required under subparagraph 1., subparagraph 2., or subparagraph 3., the supervisor must notify the elector of the signature deficiency by first-class mail and direct the elector to the cure affidavit and instructions on the supervisor's website. Beginning the day before the election, the supervisor is not required to provide notice of the signature deficiency by first-class mail, but shall continue to provide notice as required under subparagraph 1., subparagraph 2., or subparagraph 3.

(b)   The supervisor shall allow such an elector to complete and submit an affidavit in order to cure the vote-by-mail ballot until 5 p.m. on the 2nd day after ~~before~~ the election.

(c)(b)   The elector must complete a cure affidavit in substantially the following form:

### VOTE-BY-MAIL BALLOT CURE AFFIDAVIT

I, ......, am a qualified voter in this election and registered voter of ...... County, Florida. I do solemnly swear or affirm that I requested and returned the vote-by-mail ballot and that I have not and will not vote more than one ballot in this election. I understand that if I commit or attempt any fraud in connection with voting, vote a fraudulent ballot, or vote more than once in an election, I may be convicted of a felony of the third degree and fined up to $5,000 and imprisoned for up to 5 years. I understand that my failure to sign this affidavit means that my vote-by-mail ballot will be invalidated.

...(Voter's Signature)...

...(Address)...

(d)(e)   Instructions must accompany the cure affidavit in substantially the following form:

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

READ THESE INSTRUCTIONS CAREFULLY BEFORE COMPLETING THE AFFIDAVIT. FAILURE TO FOLLOW THESE INSTRUCTIONS MAY CAUSE YOUR BALLOT NOT TO COUNT.

1.   In order to ensure that your vote-by-mail ballot will be counted, your affidavit should be completed and returned as soon as possible so that it can reach the supervisor of elections of the county in which your precinct is located no later than 5 p.m. on the 2nd day after ~~before~~ the election.

2.   You must sign your name on the line above (Voter's Signature).

3.   You must make a copy of one of the following forms of identification:

a.   Tier 1 identification.—Current and valid identification that includes your name and photograph: Florida driver license; Florida identification card issued by the Department of Highway Safety and Motor Vehicles; United States passport; debit or credit card; military identification; student identification; retirement center identification; neighborhood association identification; public assistance identification; veteran health identification card issued by the United States Department of Veterans Affairs; a Florida license to carry a concealed weapon or firearm; or an employee identification card issued by any branch, department, agency, or entity of the Federal Government, the state, a county, or a municipality; or

b.   Tier 2 identification.—ONLY IF YOU DO NOT HAVE A TIER 1 FORM OF IDENTIFICATION, identification that shows your name and current residence address: current utility bill, bank statement, government check, paycheck, or government document (excluding voter <u>information</u> ~~identification~~ card).

4.   Place the envelope bearing the affidavit into a mailing envelope addressed to the supervisor. Insert a copy of your identification in the mailing envelope. Mail <u>(if time permits)</u>, deliver, or have delivered the completed affidavit along with the copy of your identification to your county supervisor of elections. Be sure there is sufficient postage if mailed and that the supervisor's address is correct. <u>Remember, your information MUST reach your county supervisor of elections no later than 5 p.m. on the 2nd day after the election, or your ballot will not count.</u>

5.   Alternatively, you may fax or e-mail your completed affidavit and a copy of your identification to the supervisor of elections. If e-mailing, please provide these documents as attachments.

<u>(e)</u>~~(d)~~  The department and each supervisor shall include the affidavit and instructions on their respective websites. The supervisor must include his or her office's mailing address, e-mail address, and fax number on the page containing the affidavit instructions<u>, and</u>~~;~~ the department's instruction page must include the office mailing addresses, e-mail addresses, and fax numbers of all supervisors of elections or provide a conspicuous link to such addresses.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

(f)(e)  The supervisor shall attach each affidavit received to the appropriate vote-by-mail ballot mailing envelope.

(g)(f)  If a vote-by-mail ballot is validated following the submission of a cure affidavit, the supervisor shall make a copy of the affidavit, affix it to a voter registration application, and immediately process it as a valid request for a signature update pursuant to s. 98.077.

(h)  After all election results on the ballot have been certified, the supervisor shall, on behalf of the county canvassing board, notify each elector whose ballot has been rejected as illegal and provide the specific reason the ballot was rejected. In addition, unless processed as a signature update pursuant to paragraph (g), the supervisor shall mail a voter registration application to the elector to be completed indicating the elector's current signature if the signature on the voter's certificate or cure affidavit did not match the elector's signature in the registration books or precinct register. This section does not prohibit the supervisor from providing additional methods for updating an elector's signature.

Section 20.   Section 101.69, Florida Statutes, is amended to read:

101.69   Voting in person; return of vote-by-mail ballot.—

(1)  The provisions of this code shall not be construed to prohibit any elector from voting in person at the elector's precinct on the day of an election or at an early voting site, notwithstanding that the elector has requested a vote-by-mail ballot for that election. An elector who has returned a voted vote-by-mail ballot to the supervisor, however, is deemed to have cast his or her ballot and is not entitled to vote another ballot or to have a provisional ballot counted by the county canvassing board. An elector who has received a vote-by-mail ballot and has not returned the voted ballot to the supervisor, but desires to vote in person, shall return the ballot, whether voted or not, to the election board in the elector's precinct or to an early voting site. The returned ballot shall be marked "canceled" by the board and placed with other canceled ballots. However, if the elector does not return the ballot and the election official:

(a)(1)  Confirms that the supervisor has received the elector's vote-by-mail ballot, the elector shall not be allowed to vote in person. If the elector maintains that he or she has not returned the vote-by-mail ballot or remains eligible to vote, the elector shall be provided a provisional ballot as provided in s. 101.048.

(b)(2)  Confirms that the supervisor has not received the elector's vote-by-mail ballot, the elector shall be allowed to vote in person as provided in this code. The elector's vote-by-mail ballot, if subsequently received, shall not be counted and shall remain in the mailing envelope, and the envelope shall be marked "Rejected as Illegal."

CODING: Words stricken are deletions; words underlined are additions.

(c)(3)  Cannot determine whether the supervisor has received the elector's vote-by-mail ballot, the elector may vote a provisional ballot as provided in s. 101.048.

(2)  The supervisor shall allow an elector who has received a vote-by-mail ballot to physically return a voted vote-by-mail ballot to the supervisor by placing the envelope containing his or her marked ballot in a secure drop box. Secure drop boxes shall be placed at the main office of the supervisor, at each branch office of the supervisor, and at each early voting site. Secure drop boxes may also be placed at any other site that would otherwise qualify as an early voting site under s. 101.657(1); provided, however, that any such site must be staffed during the county's early voting hours of operation by an employee of the supervisor's office or a sworn law enforcement officer.

Section 21.    Subsection (2) of section 97.052, Florida Statutes, is amended to read:

97.052   Uniform statewide voter registration application.—

(2)   The uniform statewide voter registration application must be designed to elicit the following information from the applicant:

(a)   Last, first, and middle name, including any suffix.

(b)   Date of birth.

(c)   Address of legal residence.

(d)   Mailing address, if different.

(e)   E-mail address and whether the applicant wishes to receive sample ballots by e-mail.

(f)   County of legal residence.

(g)   Race or ethnicity that best describes the applicant:

1.   American Indian or Alaskan Native.

2.   Asian or Pacific Islander.

3.   Black, not Hispanic.

4.   White, not Hispanic.

5.   Hispanic.

(h)   State or country of birth.

(i)   Sex.

(j)   Party affiliation.

CODING: Words stricken are deletions; words underlined are additions.

(k)   Whether the applicant needs assistance in voting.

(l)   Name and address where last registered.

(m)   Last four digits of the applicant's social security number.

(n)   Florida driver license number or the identification number from a Florida identification card issued under s. 322.051.

(o)   An indication, if applicable, that the applicant has not been issued a Florida driver license, a Florida identification card, or a social security number.

(p)   Telephone number (optional).

(q)   Signature of applicant under penalty for false swearing pursuant to s. 104.011, by which the person subscribes to the oath required by s. 3, Art. VI of the State Constitution and s. 97.051, and swears or affirms that the information contained in the registration application is true.

(r)   Whether the application is being used for initial registration, to update a voter registration record, or to request a replacement voter information card.

(s)   Whether the applicant is a citizen of the United States by asking the question "Are you a citizen of the United States of America?" and providing boxes for the applicant to check to indicate whether the applicant is or is not a citizen of the United States.

(t)1.   Whether the applicant has <u>never</u> been convicted of a felony~~, and, if convicted, has had his or her civil rights restored~~ by including the statement "I affirm I <u>have never been</u> ~~am not a~~ convicted <u>of a felony</u> ~~felon, or, if I am, my rights relating to voting have been restored~~." and providing a box for the applicant to check to affirm the statement.

<u>2.   Whether the applicant has been convicted of a felony, and if convicted, has had his or her civil rights restored through executive clemency, by including the statement "If I have been convicted of a felony, I affirm my voting rights have been restored by the Board of Executive Clemency." and providing a box for the applicant to check to affirm the statement.</u>

<u>3.   Whether the applicant has been convicted of a felony and, if convicted, has had his or her voting rights restored pursuant s. 4, Art. VI of the State Constitution, by including the statement "If I have been convicted of a felony, I affirm my voting rights have been restored pursuant to s. 4, Art. VI of the State Constitution upon the completion of all terms of my sentence, including parole or probation." and providing a box for the applicant to check to affirm the statement.</u>

(u)   Whether the applicant has been adjudicated mentally incapacitated with respect to voting or, if so adjudicated, has had his or her right to vote

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

restored by including the statement "I affirm I have not been adjudicated mentally incapacitated with respect to voting, or, if I have, my competency has been restored." and providing a box for the applicant to check to affirm the statement. <u>The registration application must be in plain language and designed so that persons who have been adjudicated mentally incapacitated are not required to reveal their prior adjudication.</u>

~~The registration application must be in plain language and designed so that convicted felons whose civil rights have been restored and persons who have been adjudicated mentally incapacitated and have had their voting rights restored are not required to reveal their prior conviction or adjudication.~~

Section 22.   Paragraph (a) of subsection (5) of section 97.053, Florida Statutes, is amended to read:

97.053   Acceptance of voter registration applications.—

(5)(a)   A voter registration application is complete if it contains the following information necessary to establish the applicant's eligibility pursuant to s. 97.041, including:

1.   The applicant's name.

2.   The applicant's address of legal residence, including a distinguishing apartment, suite, lot, room, or dormitory room number or other identifier, if appropriate. Failure to include a distinguishing apartment, suite, lot, room, or dormitory room or other identifier on a voter registration application does not impact a voter's eligibility to register to vote or cast a ballot, and such an omission may not serve as the basis for a challenge to a voter's eligibility or reason to not count a ballot.

3.   The applicant's date of birth.

4.   A mark in the checkbox affirming that the applicant is a citizen of the United States.

5.a.   The applicant's current and valid Florida driver license number or the identification number from a Florida identification card issued under s. 322.051, or

b.   If the applicant has not been issued a current and valid Florida driver license or a Florida identification card, the last four digits of the applicant's social security number.

In case an applicant has not been issued a current and valid Florida driver license, Florida identification card, or social security number, the applicant shall affirm this fact in the manner prescribed in the uniform statewide voter registration application.

6.   A mark in the <u>applicable</u> checkbox affirming that the applicant has not been convicted of a felony or that, if convicted, <u>has had his or her civil rights</u>

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

restored through executive clemency, or has had his or her voting civil rights restored pursuant s. 4, Art. VI of the State Constitution.

7.   A mark in the checkbox affirming that the applicant has not been adjudicated mentally incapacitated with respect to voting or that, if so adjudicated, has had his or her right to vote restored.

8.   The original signature or a digital signature transmitted by the Department of Highway Safety and Motor Vehicles of the applicant swearing or affirming under the penalty for false swearing pursuant to s. 104.011 that the information contained in the registration application is true and subscribing to the oath required by s. 3, Art. VI of the State Constitution and s. 97.051.

Section 23.   Paragraph (c) of subsection (1) of section 98.045, Florida Statutes, is amended to read:

98.045   Administration of voter registration.—

(1)   ELIGIBILITY OF APPLICANT.—The supervisor must ensure that any eligible applicant for voter registration is registered to vote and that each application for voter registration is processed in accordance with law. The supervisor shall determine whether a voter registration applicant is ineligible based on any of the following:

(c)   The applicant has been convicted of a felony for which his or her voting civil rights have not been restored.

Section 24.   Subsections (5) and (6) and paragraph (a) of subsection (7) of section 98.075, Florida Statutes, are amended to read:

98.075   Registration records maintenance activities; ineligibility determinations.—

(5)   FELONY CONVICTION.—The department shall identify those registered voters who have been convicted of a felony and whose voting rights have not been restored by comparing information received from, but not limited to, a clerk of the circuit court, the Board of Executive Clemency, the Department of Corrections, the Department of Law Enforcement, or a United States Attorney's Office, as provided in s. 98.093. The department shall review such information and make an initial determination as to whether the information is credible and reliable. If the department determines that the information is credible and reliable, the department shall notify the supervisor and provide a copy of the supporting documentation indicating the potential ineligibility of the voter to be registered. Upon receipt of the notice that the department has made a determination of initial credibility and reliability, the supervisor shall adhere to the procedures set forth in subsection (7) prior to the removal of a registered voter's name from the statewide voter registration system.

CODING: Words stricken are deletions; words underlined are additions.

(6)    OTHER BASES FOR INELIGIBILITY.—If the department or supervisor receives information from sources other than those identified in subsections (2)-(5) that a registered voter is ineligible because he or she is deceased, adjudicated a convicted felon without having had his or her ~~voting civil~~ voting rights restored, adjudicated mentally incapacitated without having had his or her voting rights restored, does not meet the age requirement pursuant to s. 97.041, is not a United States citizen, is a fictitious person, or has listed a residence that is not his or her legal residence, the supervisor must adhere to the procedures set forth in subsection (7) prior to the removal of a registered voter's name from the statewide voter registration system.

(7)    PROCEDURES FOR REMOVAL.—

(a)    If the supervisor receives notice or information pursuant to subsections (4)-(6), the supervisor of the county in which the voter is registered shall:

1.    Notify the registered voter of his or her potential ineligibility by mail within 7 days after receipt of notice or information. The notice shall include:

a.    A statement of the basis for the registered voter's potential ineligibility and a copy of any documentation upon which the potential ineligibility is based. <u>Such documentation must include any conviction from another jurisdiction determined to be a similar offense to murder or a felony sexual offense, as those terms are defined in s. 98.0751.</u>

b.    A statement that failure to respond within 30 days after receipt of the notice may result in a determination of ineligibility and in removal of the registered voter's name from the statewide voter registration system.

c.    A return form that requires the registered voter to admit or deny the accuracy of the information underlying the potential ineligibility for purposes of a final determination by the supervisor.

d.    A statement that, if the voter is denying the accuracy of the information underlying the potential ineligibility, the voter has a right to request a hearing for the purpose of determining eligibility.

e.    Instructions for the registered voter to contact the supervisor of elections of the county in which the voter is registered if assistance is needed in resolving the matter.

f.    Instructions for seeking restoration of civil rights <u>pursuant to s. 8, Art. IV of the State Constitution and information explaining voting rights restoration pursuant to s. 4., Art. VI of the State Constitution</u> following a felony conviction, if applicable.

2.    If the mailed notice is returned as undeliverable, the supervisor shall publish notice once in a newspaper of general circulation in the county in which the voter was last registered. The notice shall contain the following:

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

a.  The voter's name and address.

b.  A statement that the voter is potentially ineligible to be registered to vote.

c.  A statement that failure to respond within 30 days after the notice is published may result in a determination of ineligibility by the supervisor and removal of the registered voter's name from the statewide voter registration system.

d.  An instruction for the voter to contact the supervisor no later than 30 days after the date of the published notice to receive information regarding the basis for the potential ineligibility and the procedure to resolve the matter.

e.  An instruction to the voter that, if further assistance is needed, the voter should contact the supervisor of elections of the county in which the voter is registered.

3.  If a registered voter fails to respond to a notice pursuant to subparagraph 1. or subparagraph 2., the supervisor shall make a final determination of the voter's eligibility. If the supervisor determines that the voter is ineligible, the supervisor shall remove the name of the registered voter from the statewide voter registration system. The supervisor shall notify the registered voter of the supervisor's determination and action.

4.  If a registered voter responds to the notice pursuant to subparagraph 1. or subparagraph 2. and admits the accuracy of the information underlying the potential ineligibility, the supervisor shall make a final determination of ineligibility and shall remove the voter's name from the statewide voter registration system. The supervisor shall notify the registered voter of the supervisor's determination and action.

5.  If a registered voter responds to the notice issued pursuant to subparagraph 1. or subparagraph 2. and denies the accuracy of the information underlying the potential ineligibility but does not request a hearing, the supervisor shall review the evidence and make a final determination of eligibility. If such registered voter requests a hearing, the supervisor shall send notice to the registered voter to attend a hearing at a time and place specified in the notice. Upon hearing all evidence presented at the hearing, the supervisor shall make a determination of eligibility. If the supervisor determines that the registered voter is ineligible, the supervisor shall remove the voter's name from the statewide voter registration system and notify the registered voter of the supervisor's determination and action.

Section 25.   Section 98.0751, Florida Statutes, is created to read:

98.0751   Restoration of voting rights; termination of ineligibility subsequent to a felony conviction.—

CODING: Words stricken are deletions; words underlined are additions.

(1)   A person who has been disqualified from voting based on a felony conviction for an offense other than murder or a felony sexual offense must have such disqualification terminated and his or her voting rights restored pursuant to s. 4, Art. VI of the State Constitution upon the completion of all terms of his or her sentence, including parole or probation. The voting disqualification does not terminate unless a person's civil rights are restored pursuant to s. 8, Art. IV of the State Constitution if the disqualification arises from a felony conviction of murder or a felony sexual offense, or if the person has not completed all terms of sentence, as specified in subsection (2).

(2)   For purposes of this section, the term:

(a)   "Completion of all terms of sentence" means any portion of a sentence that is contained in the four corners of the sentencing document, including, but not limited to:

1.   Release from any term of imprisonment ordered by the court as a part of the sentence;

2.   Termination from any term of probation or community control ordered by the court as a part of the sentence;

3.   Fulfillment of any term ordered by the court as a part of the sentence;

4.   Termination from any term of any supervision, which is monitored by the Florida Commission on Offender Review, including, but not limited to, parole; and

5.a.   Full payment of restitution ordered to a victim by the court as a part of the sentence. A victim includes, but is not limited to, a person or persons, the estate or estates thereof, an entity, the state, or the Federal Government.

b.   Full payment of fines or fees ordered by the court as a part of the sentence or that are ordered by the court as a condition of any form of supervision, including, but not limited to, probation, community control, or parole.

c.   The financial obligations required under sub-subparagraph a. or sub-subparagraph b. include only the amount specifically ordered by the court as part of the sentence and do not include any fines, fees, or costs that accrue after the date the obligation is ordered as a part of the sentence.

d.   For the limited purpose of addressing a plea for relief pursuant to sub-subparagraph e. and notwithstanding any other statute, rule, or provision of law, a court may not be prohibited from modifying the financial obligations of an original sentence required under sub-subparagraph a. or sub-subparagraph b. Such modification shall not infringe on a defendant's or a victim's rights provided in United States Constitution or the State Constitution.

CODING: Words ~~stricken~~ are deletions; words underlined are additions.