# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KELVIN LEON JONES et al.,

    Plaintiffs,

v.

RON DeSANTIS et al.,

    Defendants.

_____/

CONSOLIDATED
CASE NO. 4:19cv300-RH/MJF

## ORDER SETTING A SCHEDULE ON THE MOTION
## TO EXPAND THE PRELIMINARY INJUNCTION

These consolidated cases arise from "Amendment 4," a voter-initiated amendment to the Florida Constitution that automatically restores the right of most felons to vote, but only "upon completion of all terms of sentence including parole or probation." An order was entered on October 18, 2019 granting a preliminary injunction in favor of 14 individual plaintiffs against the Florida Secretary of State and the Supervisors of Elections of the counties where the 14 plaintiffs are domiciled. The plaintiffs have moved to extend the preliminary injunction to 4 more individuals.

The October 18 order assumes "all terms of sentence" within the meaning of Amendment 4 includes financial obligations imposed as part of the sentence. The preliminary injunction has two parts. First, an enjoined defendant must not take any action that both (a) prevents a plaintiff from *applying or registering* to vote and (b) is based only on failure to pay a financial obligation that the plaintiff *asserts* the plaintiff is genuinely unable to pay. Second, an enjoined defendant must not take any action that both (a) prevents a plaintiff from *voting* and (b) is based only on failure to pay a financial obligation that the plaintiff *shows* the plaintiff is genuinely unable to pay. This means, in substance, that a plaintiff who asserts inability to pay can register, and a plaintiff who shows inability to pay can vote.

The schedule that led to issuance of the October 18 order was established to provide sufficient time for an appeal to and ruling by the United States Court of Appeals for the Eleventh Circuit before the March 2020 presidential primary. A schedule that would allow a ruling on appeal before the November 2019 local elections was not feasible.

As it turns out, a ruling on appeal apparently will not be necessary. No party has appealed, and while the deadline to appeal has not passed, a party who wished to appeal—and to obtain an expedited Eleventh Circuit ruling—surely would have done so by now. More importantly, the Governor of Florida, who is a named

defendant and has executive authority over the Secretary of State, apparently has said he agrees with the October 18 order's holding that a person cannot be barred from voting based on a financial obligation the person is genuinely unable to pay. *See* Lawrence Mower, *Being poor shouldn't stop Florida felons from voting, judge rules in Amendment 4 case*, Tampa Bay Times (Oct. 19, 2019), https://www.tampabay.com/florida-politics/buzz/2019/10/19/being-poor-shouldnt-stop-florida-felons-from-voting-judge-rules-in-amendment-4-case/ (quoting the Governor's spokesperson: "Today's ruling affirms the Governor's consistent position that convicted felons should be held responsible for paying applicable restitution, fees and fines while also recognizing the need to provide an avenue for individuals unable to pay back their debts as a result of true financial hardship.").

In support of their motion to extend the preliminary injunction, the plaintiffs have proffered no evidence that, since entry of the October 18 order and the Governor's statement agreeing with it, any state official has taken any action to block any person from voting or registering to vote based on a financial obligation the person is unable—or claims to be unable—to pay. This makes it unnecessary to go forward on the extremely expedited schedule the plaintiffs have requested.

For these reasons,

IT IS ORDERED:

1. The plaintiffs' request to set an expedited schedule on the motion to extend the preliminary injunction is denied.

2. Responses to the motion to extend the preliminary injunction are due on November 14, 2019. See N.D. Fla. Loc. R. 7.1.

SO ORDERED on November 1, 2019.

                                            s/Robert L. Hinkle
                                            United States District Judge