IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


KELVIN LEON JONES et al.,

     Plaintiffs,

                                        CONSOLIDATED
v.                                        CASE NO. 4:19cv300-RH/MJF

RON DeSANTIS et al.,

     Defendants.

_____/


**ORDER DENYING THE MOTION TO AMEND
OR CLARIFY THE PRELIMINARY INJUNCTION**


     These consolidated cases arise from "Amendment 4," a voter-initiated amendment to the Florida Constitution that automatically restores the right of most felons to vote, but only upon completion of all terms of sentence. A preliminary injunction was entered on October 18, 2019 in favor of the individual plaintiffs against the Florida Secretary of State and the Supervisors of Elections of the counties where the plaintiffs are domiciled.

     On October 31, 2019, the plaintiffs in one of the consolidated cases moved to amend or clarify the preliminary injunction. In relevant part, the motion seeks to extend the preliminary injunction to four additional individuals.

On the day after the Governor and Secretary filed a response to the motion to amend or clarify, they filed a notice of appeal. The appeal is proceeding on an expedited schedule. It is very much in the public interest for the appeal to go forward without delay.

To avoid interfering with the expedited appellate schedule, I deferred a ruling on the motion to amend or clarify the preliminary injunction. An order extending the injunction to the four individuals did not seem urgent—it seemed unlikely, in light of the existing preliminary injunction, that the Secretary or a Supervisor would take action against one of the four—and any order extending the injunction would probably lead the Secretary to file another notice of appeal. A new appeal might lead to an amendment of the appellate schedule.

As it turns out, deferring a ruling is the wrong way to allow the appeal to proceed on its current expedited basis. The United States Court of Appeals for the Eleventh Circuit has today entered an order indicating it has no jurisdiction while the motion to amend or clarify remains pending in this court. The Eleventh Circuit has requested a prompt ruling.

This order denies the motion to amend or clarify. If the Secretary or a Supervisor takes action that may cause irreparable harm to one of the four individuals, the individual may file a separate motion for a preliminary injunction, and the motion will be addressed promptly. Before any such motion is filed, the

Case No. 4:19cv300-RH-MJF

attorneys should confer in an effort to resolve the issue, perhaps by simply agreeing that until the appeal is resolved, the four individuals will be treated in the same manner as is required for the plaintiffs covered by the preliminary injunction. It is in the interest of both sides to avoid any steps that might interfere with the prompt disposition of the pending appeal.

IT IS ORDERED:

1. The emergency motion, ECF No. 211, for an amendment to and clarification of the order granting a preliminary injunction is denied.

2. The clerk must promptly transmit this order to the Clerk of the United States Court of Appeals for the Eleventh Circuit.

SO ORDERED on January 8, 2020.

> s/Robert L. Hinkle
> United States District Judge