# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

KELVIN LEON JONES et al.,

    Plaintiffs,

v.

    CONSOLIDATED
    CASE NO. 4:19cv300-RH/MJF

RON DeSANTIS et al.,

    Defendants.

_____/

## ORDER ON THE DEFENDANTS' MOTIONS IN LIMINE

The defendants filed three motions in limine that were heard on March 26, 2020. This order confirms the ruling announced on the record of that hearing.

The motions raise issues that, for the most part, go to the weight of the challenged testimony. The defendants' various contentions have been fully considered, but this order does not discuss all the contentions, instead discussing only part of the defendants' challenge to the proposed testimony of the plaintiffs' expert Dr. J. Morgan Kousser.

The defendants say Dr. Kousser's testimony about such things as newspaper articles published prior to the Amendment 4 vote and a sponsoring legislator's

statements prior to the enactment of SB7066 is inadmissible hearsay, but that is incorrect. Hearsay is an out-of-court statement that "a party offers in evidence *to prove the truth of the matter asserted in the statement*." Fed. R. Evid. 801(c)(2) (emphasis added). A newspaper article may show the information available to voters and thus may be relevant to gauging their understanding, regardless of whether the article is true. A legislator's statement may show the legislator's understanding or intent—and perhaps the understanding and thus the intent of other legislators—regardless of whether the statement is true. And in any event, a legislator's statement may show the legislator's then-existing state of mind. *See* Fed. R. Evid. 803(3).

In sum, Dr. Kousser's testimony about history, events, and statements made while Amendment 4 and SB7066 were under consideration is admissible. But Dr. Kousser's conclusion about the intent demonstrated by the history, events, and statements is not admissible. And his conclusion about intent would not be given any weight in any event. Drawing the conclusion is the court's job; Dr. Kousser's conclusion does not help.

IT IS ORDERED:

1. The defendants' motion in limine to exclude testimony of Dr. Hannah Walker, ECF No. 304, is denied.

2. The defendants' motion in limine to exclude testimony of Dr. Traci Burch, ECF No. 305, is denied.

3. The defendants' motions in limine to exclude the testimony of Dr. J. Morgan Kousser, ECF No. 306, is granted in part and denied in part. Testimony stating a conclusion about intent is excluded.

SO ORDERED on March 31, 2020.

                                   s/Robert L. Hinkle
                                   United States District Judge