UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| KELVIN LEON JONES, et al., *Plaintiffs*, v. RON DESANTIS, in his official capacity as Governor of the State of Florida, et al., *Defendants*, | Consolidated Case No. 4:19-cv-300-RH/MJF |

**PLAINTIFFS' NOTICE OF PREFERRED METHOD FOR TRIAL**

After discussion with this Court's Information Technology (IT) Specialist, internal IT professionals, outside legal vendors, and counsel for Defendants, as well as the parties' own experience conducting six depositions over Zoom in this case—each utilizing multiple exhibits—Plaintiffs[1] believe that a trial can be conducted using a video platform. Numerous other courts, including federal district courts in the Eleventh Circuit and Florida state courts, have chosen to use a video platform for trials and hearings and determined that doing so will create an optimal record, permit the court to make credibility determinations based on video witness testimony, and allow the public to observe the proceedings.

---

[1] Plaintiffs refer here to the Gruver Plaintiffs.

1

Plaintiffs propose the parties utilize a video platform, whether a third-party system such as Zoom or a court video conferencing system, to conduct the trial. The parties used Zoom to conduct six remote depositions, all of which involved the use of exhibits and all of which occurred without any incident, allowing for the creation of a sufficient factual record. There is no reason the parties cannot use video conferencing for trial in the same manner. Following conversations with the Court's IT Specialist, the parties hope to utilize either the Court's video conferencing system or Zoom to allow the parties to simultaneously review documents in real time while witness testimony occurs. Further, Plaintiffs are prepared to identify, prior to any direct or cross-examination the exhibits they plan to use for each witness (save for exhibits used on cross-examinations for impeachment purposes). This will allow the parties the opportunity to resolve any objections regarding those documents ahead of time, or be prepared to bring those documents to the Court's attention.

In response to the concerns Defendants' raise in their filing of this morning (ECF 313): *First*, video conferencing platforms, either Zoom or the Court's system, are able to accommodate up to 300 participants simultaneously. In fact, over the past few weeks numerous organizations, including those associated with Plaintiffs' counsel, have successfully conducted large organizational meetings with Zoom as the platform. This is more than sufficient to accommodate the different attorneys, witnesses, and members of the public. *Second*, we believe a video conferencing service—

either Zoom or an internal system—*can* "maintain undisrupted two-way video and audio" between individuals in different locations who wish to object in real time and have seen no evidence to the contrary.  *Third*, examinations involving exhibits would not be difficult over a video conferencing system.  The parties have already conducted six depositions over Zoom utilizing dozens of exhibits.  *Fourth*, we believe the parties can access adequate IT assistance to manage any technical issues that arise.  In addition, organizations associated with counsel for Plaintiffs will be available to assist.  *Fifth*, security can be addressed by utilizing internal Court Video Conferencing or the "Seminar" mode in Zoom which allows you to limit who is commenting or participating.

Defendants' proposal for written direct testimony is unnecessary and insufficient.  It robs the Court of the opportunity to observe how the witness responds to questions on direct and cross-examination.  It is well understood that the Federal Rules of Civil Procedure prioritize in person contemporaneous transmission[2] and that "the importance of presenting live testimony in court cannot be forgotten . . . [t]he opportunity to judge the demeanor of a witness face-to-face is accord great value."  Notes to Fed. R. Civ. P. 43.

---

[2]  "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).

3

Further, with regard to cross-examination, it is not clear how Defendants would even utilize documents that they would want to use. If done entirely telephonically, neither side would be able to see the documents that the questioning attorney is using. In addition, it would prevent the general public from having the ability to observe the testimony and exhibits. Plaintiffs understand Defendants' concern about reliance on technology and, to that end are working with Defendants to stipulate to as many of the underlying facts as possible to limit testimony.

Most importantly, Plaintiffs' proposal is in keeping with other courts across the country. The following federal courts expressly permit videoconferencing to conduct civil proceedings during the coronavirus pandemic:

- N.D. Fla.: http://www.flnd.uscourts.gov/sites/default/files/general-ordes/20200323_AdminOrder_COVID19_Summary_Fina.pdf%5B87%5D.pdf
- M.D. Fla.: https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-order-concerning-jury-trials-and-other-proceedings-6-20-mc-00017-rbd.pdf
- 11th Cir.: http://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/GeneralOrder45.pdf
- 4th Cir.: http://www.ca4.uscourts.gov/docs/pdfs/publicadvisorycovidoperatingprocedures.pdf?sfvrsn=2
- 9th Cir.: http://cdn.ca9.uscourts.gov/datastore/general/2020/03/16/COVID-19%20Notice.pdf
- E.D. Cal.: http://www.caed.uscourts.gov/caednew/assets/File/GO%20611.pdf

- C.D. Ill.: https://www.ilcd.uscourts.gov/sites/ilcd/files/Amended%20General%20Order%2020-01.pdf
- N.D. Ind.: https://www.innd.uscourts.gov/sites/innd/files/2020-07.pdf
- D. Nor. Mar. I.: http://www.nmid.uscourts.gov/documents/generalorders/go2000003.pdf
- W.D. Mich.: https://www.miwd.uscourts.gov/sites/miwd/files/Admin%20Order%202020-MS-024.pdf
- N.D. Miss.: https://www.miwd.uscourts.gov/sites/miwd/files/Admin%20Order%202020-MS-024.pdf
- D. Nev.: https://www.nvd.uscourts.gov/wp-content/uploads/2020/03/GO-2020-05-re-COVID-19-Remote-Hearings.pdf
- D.N.H.: http://www.nhd.uscourts.gov/pdf/ADM%201%2020-5.pdf
- D.N.J.: https://www.ca3.uscourts.gov/sites/ca3/files/Press%20Release%203-19-20.pdf
- E.D.N.Y.: https://img.nyed.uscourts.gov/files/general-ordes/2020-06_In_Re_CoronavirusCovid19Pandemic.pdf
- N.D. Ohio: https://www.ohnd.uscourts.gov/sites/ohnd/files/GO-2020-05-1%20In%20re%20Coronavirus%20(COVID-19)%20Public%20Emergency.pdf
- M.D.P.A.: https://www.ca3.uscourts.gov/sites/ca3/files/Press%20Release%203-19-20.pdf
- D.V.I.: https://www.ca3.uscourts.gov/sites/ca3/files/Press%20Release%203-19-20.pdf

In addition to this non-exhaustive list of courts hearing civil matters by video, a number of other federal courts are conducting criminal hearings by video, and many state courts permit video hearings as well. *See generally Courts' Responses to the Covid-19 Crisis* (Mar. 30, 202)

https://www.brennancenter.org/our-work/research-reports/courts-responses-covid-19-crisis.

Several state courts have specifically adopted the use of Zoom to conduct proceedings, including three Florida Circuits:

- Florida's Fifth Judicial Circuit. https://www.circuit5.org/zoom/
- Florida's Eleventh Judicial Circuit: https://www.jud11.flcourts.org/coronavirus
- Florida's Seventeenth Judicial Circuit: http://www.17th.flcourts.org/electronic-hearing-with-zoom/
- Texas Courts: https://www.txcourts.gov/programs-services/electronic-hearings-with-zoom/
- Michigan Courts: https://info.courts.mi.gov/virtual-courtroom-info
- Arkansas Courts: https://www.arcourts.gov/sites/default/files/articles/COVID-19-update-march132020.docx.pdf
- The Georgia Courts website provides a link to Zoom as a tool for court teleconferencing: https://georgiacourts.gov/covid-19-preparedness/
- Maryland Court of Special Appeals: https://mdcourts.gov/sites/default/files/import/cosappeals/pdfs/noticeremoteoralarguments.pdf

For the reasons set forth above, Plaintiffs respectfully request that the Court rely on video—whether through the Court's internal system, Zoom, or another third-party platform—to conduct the upcoming trial.

                              **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

                By:  /s/ *David Giller*_____

                              Pietro Signoracci*
                              David Giller*
                              PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                              1285 Avenue Of The Americas, New York, NY 10019
                              Tel.: (212) 373-3000
                              Fax: (212) 757-3990
                              psignoracci@paulweiss.com
                              dgiller@paulweiss.com

| | |
|---|---|
| Leah C. Aden* | Wendy Weiser |
| John S. Cusick* | Myrna Perez |
| NAACP Legal Defense and Educational Fund, Inc. | Sean Morales-Doyle* |
| | Eliza Sweren-Becker* |
| 40 Rector Street, 5th Floor | Brennan Center for Justice at NYU School of Law |
| New York, NY 10006 | 120 Broadway, Suite 1750 |
| (212) 965-2200 | New York, NY 10271 |
| laden@naacpldf.org | (646) 292-8310 |
| jcusick@naacpldf.org | wendy.weiser@nyu.edu |
| | myrna.perez@nyu.edu |
| | sean.morales-doyle@nyu.edu |
| | eliza.sweren-becker@nyu.edu |

Julie A. Ebenstein
Fla. Bar No. 91033
R. Orion Danjuma*
Jonathan S. Topaz*
Dale E. Ho**
American Civil Liberties Union Foundation, Inc.
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 284-7332
Fax: (212) 549-2654
jebenstein@aclu.org
odanjuma@aclu.org
jtopaz@aclu.org
dho@aclu.org

Daniel Tilley
Fla. Bar No. 102882
Anton Marino
Fla. Bar. No. 1021406
American Civil Liberties Union of Florida
4343 West Flagler St., Suite 400
Miami, FL 33134
Tel: (786) 363-2714
dtilley@aclufl.org
amarino@aclufl.org

*Counsel for Gruver Plaintiffs*

\* Admitted *Pro Hac Vice*
\*\* *Pro Hac Vice* applications forthcoming

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this brief complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that this brief complies with the word limit requested in Plaintiffs' unopposed pending motion to file an opposition to Defendants' summary judgment memorandum in excess of the word limit. Specifically, this brief contains 931 words, excluding the case style, signature block, and certificates.

/s/*David Giller*_____

*Counsel for Gruver Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020, I served a true and correct copy of the foregoing document via electronic notice by the CM/ECF system on all counsel or parties of record.

/s/ *David Giller*

*Counsel for Gruver Plaintiffs*