# EXHIBIT 2

April 17, 2020


Mohammad O. Jazil
Hopping Green & Sams
119 South Monroe Street Suite 300
Tallahassee, FL 32301

RE: *Jones v. DeSantis* – Discovery Supplementation

*VIA E-MAIL*

Dear Mr. Jazil:

In the section of State Defendants' trial brief filed discussing Plaintiffs' procedural due process claims, you say that "the State has been working towards and *now has* a process for re-enfranchising felons who will fall within the ambit of Amendment 4 (and by extension Senate Bill 7066)." Doc. 336 at 20-21 (emphasis added). You further state that "[t]he evidence will show that the State's process for re-enfranchising felons minimizes the chance of error." *Id.* at 21. Moreover, you say that the State's process "provides the best available means for re-enfranchisement" because "safeguards are built into the process to resolve ambiguity and errors in favor of re-enfranchisement" and "ample opportunity to be heard and rectify any errors." *Id.* With respect to Plaintiffs' vagueness claim, you assert that any factual vagueness issues "will be ameliorate by the procedures that have been, and will be, implemented by the Secretary." *Id.* at 24.

This is the first Plaintiffs have learned that the State "now has a process." Plaintiffs have served a host of written discovery and asked deposition questions on these very topics, and have never been provided with any of the evidence or answers you now assert you will unveil for the first time at trial. At Ms. Matthews's most recent deposition, counsel for State Defendants repeatedly instructed Ms. Matthews not to answer questions regarding these topics on the grounds that the matter was privileged, and Ms. Matthews generally testified that there was not yet a process in place for implementing SB7066. *See, e.g.,* Matthews Dep. at 237-274. The Gruver Plaintiffs served a series of interrogatories that specifically asked State Defendants to outline the process for determining eligibility under SB7066. *See* Gruver Interrogatories Nos. 3-10, 13.

If, as you say in your trial brief, the Secretary "now has a process" and that the "evidence will show" that the process "minimizes the chance of error" and has "safeguards . . . to resolve ambiguity and errors," then you must disclose that information and evidence to Plaintiffs now. Such information is directly responsive to the Gruver Plaintiffs' Interrogatories Nos. 3-10 and 13, yet State Defendants have never supplemented those responses. The statements in your trial brief demonstrate that your interrogatory answers are "incomplete or incorrect." *See* Fed. R. Civ. P. 26(e). "[T]he duty to supplement continues after the close of discovery." *In re Bankatlantic Bancorp., Inc.*, No. 07-61542-CIV, 2010 WL 3294342, at *5 (S.D. Fla. Aug. 20, 2010). Moreover, the Court's February 24, 2020 Order makes clear that Plaintiffs are entitled to discovery regarding

the Secretary's procedure for determining eligibility of those with outstanding LFOs. Doc. 274 at 2; Feb. 14, 2020 Hr'g Tr. at 13, 34 (Judge Hinkle noting that "plaintiffs need to know what it is you're doing, and how you're doing it, and what you're prepared to do" with respect to implementing SB7066).

The purpose of the Federal Rules is to "specifically guard against trial by ambush." *Waite v. All Acquisition Corp.*, No. 15-cv-62359-BLOOM/Valle, 2016 WL 4433713, at *3 (S.D. Fla. Apr. 28, 2016) (internal quotation marks omitted). You have refused to provide the evidence that you only recently disclosed you will unveil at trial, after Plaintiffs have long sought this information through discovery and they and the Court have urged since the preliminary injunction ruling in October 2019.

If Defendants do not provide supplemental responses to Gruver Plaintiffs' Interrogatories Nos. 3-10 and 13 by **noon on Monday, April 20, 2020** detailing the evidence you now say you intend to present at trial on those topics along with any documentary evidence of your new implementation plans, Plaintiffs intend to file an emergency motion to compel and seek other discovery sanctions.

Please let us know if you'd like to discuss this matter by phone.

Sincerely,

/s/ Mark P. Gaber, Counsel for *Raysor* Plaintiffs

/s/ Nancy G. Abudu, Counsel for *McCoy* Plaintiffs

/s/ Julie Ebenstein, Counsel for *Gruver* Plaintiffs