# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KELVIN LEON JONES et al.,

    Plaintiffs,

v.

RON DeSANTIS et al.,

    Defendants.

_____/

CONSOLIDATED
CASE NO. 4:19cv300-RH/MJF

## **JUDGMENT**

This is a Federal Rule of Civil Procedure 58 final judgment after a bench trial. It is adjudged that the plaintiffs Bonnie Raysor, Diane Sherrill, Lee Hoffman, Jeff Gruver, Emory Marquis Mitchell, Betty Riddle, Karen Leicht, Keith Ivey, Kristopher Wrench, Raquel L. Wright, Steven Phalen, Jermaine Miller, Clifford Tyson, Latoya A. Moreland, Curtis D. Bryant, the League of Women Voters of Florida, the Florida State Conference of the NAACP, the Orange County Branch of the NAACP, Rosemary Osborne McCoy, and Sheila Singleton recover as set out in this judgment against the defendants the Governor of Florida, the Florida Secretary of State, and the Supervisors of Elections of Alachua, Broward, Duval,

Hillsborough, Indian River, Leon, Manatee, Miami-Dade, Orange, and Sarasota Counties, all in their official capacities.

The recovery is on behalf not only of the plaintiffs listed above but also a class and subclass. The class consists of all persons who would be eligible to vote in Florida but for unpaid financial obligations. The subclass consists of all persons who would be eligible to vote in Florida but for unpaid financial obligations that the person asserts the person is genuinely unable to pay. The named plaintiffs Bonnie Raysor, Diane Sherrill, and Lee Hoffman are the class representatives. The other named individual plaintiffs listed above are excluded from the class and subclass; their recovery is in their own name.

The claims of the plaintiffs Luis Mendez and Kelvin Leon Jones are dismissed without prejudice.

The court reserves jurisdiction to enforce this judgment, including the declaratory and injunctive relief included in this judgment, and to award costs and attorney's fees.

IT IS ADJUDGED:

1. Declaratory and injunctive relief is provided as follows.

2. It is declared that the Florida pay-to-vote system—the system under which a felon whose right to vote would otherwise be restored based on Florida

Constitution article VI, section 4 but is not restored because of unpaid financial obligations—is unconstitutional in part:

 (a) The system is unconstitutional as applied to individuals who are otherwise eligible to vote but are genuinely unable to pay the required amount.

 (b) The requirement to pay, as a condition of voting, amounts that are unknown and cannot be determined with diligence is unconstitutional.

 (c) The requirement to pay fees and costs as a condition of voting is unconstitutional because they are, in substance, taxes.

 (d) The requirement to pay a determinable amount of fines and restitution as a condition of voting is not unconstitutional as applied to those who are able to pay.

 3. The defendants must not take any step to enforce any requirement declared unconstitutional in paragraph 2 above.

 4. The Secretary must make available in hard copy and online a form for requesting an advisory opinion from the Division of Elections substantially in the form of Attachment 1 to this judgment, subject to formatting and nonsubstantive modifications including, for example, addition of an address to which the request should be sent. This judgment refers to this as "the required form."

 5. Each defendant Supervisor of Elections must make available at each office and must post online a notice of the right to request such an advisory opinion

from the Division of Elections. The Supervisor must make the required form available in hard copy and online, either directly or by link to a state website.

     6. If (a) within 21 days after receipt of a request for an advisory opinion using the required form that includes a request for a statement of the amount of any fine or restitution that must be paid to make the requesting person eligible to vote, (b) the Division of Elections does not provide an advisory opinion that includes the requested statement of the amount that must be paid together with an explanation of how the amount was calculated, then (c) the defendants must not take any step to prevent, obstruct, or deter the requesting person from registering to vote and voting, (d) except on grounds unrelated to unpaid financial obligations, (e) unless and until the Division of Elections provides an advisory opinion that includes the requested statement of the amount that must be paid together with an explanation of how the amount was calculated.

     7. If (a) within 21 days after receipt of a request for an advisory opinion using the required form that asserts inability to pay, (b) the Division of Elections does not provide an advisory opinion that asserts the requesting person is able to pay and provides a factual basis for the assertion, then (c) the defendants must not take any step to prevent, obstruct, or deter the requesting person from registering to vote and voting, (d) except on grounds unrelated to unpaid financial obligations.

8. If (a) within 21 days after receipt of a request for an advisory opinion using the required form, (b) the Division of Elections does not provide an advisory opinion showing the person is ineligible to vote, then (c) the defendants must not take any step to cause or assist a prosecution of the requesting person for registering to vote and voting, (d) based on anything the requesting person does before the Division of Elections provides an advisory opinion that shows the person is ineligible to vote, (e) except on grounds unrelated to financial obligations the State asserts the person must pay as a condition of voting.

9. For purposes of paragraphs 7 and 8, an assertion by the Division of Elections that a person is able to pay will have no effect—and paragraphs 7 and 8 will be applied as if the Division of Elections had made no such assertion[1]—if (a) the requesting person had an appointed attorney or was granted indigent status in the last proceeding that resulted in a felony conviction, or (b) the person submitted with the request for an advisory opinion a financial affidavit that, if submitted in connection with a felony proceeding in a Florida circuit court, would be sufficient to establish indigent status under Florida Statutes § 27.52, or (c) all financial obligations that would otherwise disqualify the person from voting have been

---

[1] The injunction in the Opinion on the Merits has a scrivener's error. It refers to paragraphs 6 and 7 in the clause between the dashes. The proper reference is to paragraphs 7 and 8, as correctly set out in the first line of the paragraph. This judgment corrects the scrivener's error. The court has approved the correction.

Consolidated Case No.   4:19cv300-RH-MJF

converted to civil liens, unless (d) the Division of Elections has credible and reliable information that the requesting person is currently able to pay the financial obligations at issue.

10.  This judgment does not require any person to request an advisory opinion. The defendants must not take any step to prevent, obstruct, or deter a named plaintiff or member of the subclass from registering to vote or voting, except on grounds unrelated to unpaid financial obligations, if (a) the person had an appointed attorney or was granted indigent status in the last proceeding that resulted in a felony conviction, or (b) the person submits a financial affidavit that, if submitted in connection with a felony proceeding in a Florida circuit court, would be sufficient to establish indigent status under Florida Statutes § 27.52, or (c) all financial obligations that would otherwise disqualify the person from voting have been converted to civil liens, unless (d) the Division of Elections or Supervisor of Elections in the person's home county has credible and reliable information that the requesting person is currently able to pay the financial obligations at issue.

11.  The Secretary must make available in hard copy and online a statement of rules governing eligibility to vote after a felony conviction substantially in the form of Attachment 2 to this judgment.

12. Each defendant Supervisor of Elections must post at its offices and online a statement of standards governing eligibility to vote after a felony conviction substantially in the form of Attachment 2 to this judgment.

13. It is declared that financial obligations do not render these individuals ineligible to vote: Jeff Gruver, Emory Marquis Mitchell, Betty Riddle, Karen Leicht, Kristopher Wrench, Raquel L. Wright, Steven Phalen, Jermaine Miller, Clifford Tyson, Latoya A. Moreland, Curtis D. Bryant, Bonnie Raysor, Diane Sherrill, Lee Hoffman, Rosemary Osborne McCoy, and Sheila Singleton.

14. The defendants must not take any action based on financial obligations to prevent, obstruct, or deter the individuals listed in paragraph 13 from registering to vote or voting.

15. It is declared that fees and costs do not render Keith Ivey ineligible to vote.

16. The defendants must not take any action based on fees or costs to prevent, obstruct, or deter Keith Ivey from registering to vote or voting. This does not preclude action based on any unpaid fines.

17. It is declared that Florida Statutes § 97.052(2)(t) (2019) violates the National Voter Registration Act. The defendants must not use a form based on that statute.

18. The declaratory and injunctive relief provided by this judgment bind the defendants and their officers, agents, servants, employees, and attorneys—and others in active concert or participation with any of them—who receive actual notice of the injunctive relief by personal service or otherwise.

JESSICA J. LYUBLANOVITS
CLERK OF COURT

May 26, 2020
DATE

*s/ Cindy Markley*
Deputy Clerk: Cindy Markley